[No. 2506.    March 20, 1922.    On Rehearing, April 17, 1922.    Rehearing Denied Nov. 10, 1922.]

## STATE v. BOARD OF TRUSTEES OF TOWN OF LAS VEGAS

### SYLLABUS BY THE COURT

(1)  The property of the Las Vegas grant, standing in the name of the town of Las Vegas, is not exempt from taxation, under Article 8, § 3, of the Constitution of New Mexico.
P. 241

(2)  The Las Vegas grant, represented by a board of trustees, with certain powers, under Code 1915, §§ 842 to 855, inclusive, is not a town, city or other municipal corporation, within the meaning of the clause in the Constitution (Article 8, § 3) exempting such towns, cities, and other municipal corporations from taxation.          P. 241

(3)  Where the provisions of the Constitution specify certain property to be exempted from taxation, such provisions necessarily exclude other property not therein mentioned.
P. 242

Appeal from District Court, San Miguel County; J. Leahy, Judge.

Proceeding by the State of New Mexico against the Board of Trustees of the Town of Las Vegas. From a decision denying defendant exempt from taxation it appeals.

Affirmed.

Charles G. Hedgecock and Stephen B. Davis, Jr., both of E. Las Vegas, for the appellant.

The lands of the grant made to the town of Las Vegas and now known as the Las Vegas Grant are not taxable.

Art. 8, Sec. 3, State Constitution; Sec. 842 Code 1915; Sections 843, 849, 850, 852, 853, 854, 855, Code 1915; Book of Numbers, Chap. 35; Townsend v. Greeley, 5

Wall 326; Grisar v. McDowell, 6 Wall, 363; Browns-ville v. Cavazos, 100 U. S. 138; U. S. v. Santa Fe, 165 U. S. 675; U. S. v. Sandoval, 167 U S. 278; Hart v. Burnett, 15 Cal. 530; City of Monteray v. Jacks, 73 Pac. 436; Hebert v. Lavalle, 27 Ill. 448; Lavalle v. Stroebel, 89 Ill. 370; Haps v. Hewitt, 97 Ill. 498; Rutz v. Kehr, 143 Ill. 558; Predicent etc. v. McClure, 167 Ill. 23; Stead v. President, 243 Ill. 239; Higginson v. Turner, 171 Mass. 586; Codman v. Crocker, 203 Mass. 146; Meese v. Herman, 183 U. S. 573; Priest v. Bd. of Trus-tees, 232 U. S. 604; Bond v. Barela, 16 N. M. 660 same case, 229 U. S. 488; Cooley on Taxation 263; In re Hamilton, 148 N. Y. 310; Penick v. Foster, 58 S. E. 773; State v. Holcomb, 116 Pac. 251, 50 L. R. A. (N. S.) 243; People v. Assessors, 111 N. Y. 505; City etc of San Francisco v. McGovern, 152 Pac. 980; Sumner County v. Wellington, 72 Pac. 216; Colorado Springs v. Board, 36 Colo. 231; Auditor Gen v. Regents of Uni-versity of Michigan, 10 L. R. A. 376.

Omaha vs. Douglas County, 96 Neb. 865, 148 N. W. 938.

State vs. Holcomb, 85 Kan. 178, 116 Pac. 251.

University vs. People, 99 U. S. 309.

State vs. Inhabitants of Bellville, 61 N. J. Law 455, 39 Atl. 658.

The property of the town is exempt because it is used for educational and charitable purposes.

Book Agents v. Hinton, 21 S. W. 321; State v. Fisk U. 10 S. W. 284; People v. Sayles, 50 N. Y. S. 8 · County Com. v. Colorado Seminary, 12 Colo. 497; Bishop v. Treasurer, 68 Pac. 272; Colorado Seminary v. Board, 71 Pac. 510; Denver v. Gunter, 163 Pac. 1118; Common-wealth v. Louisville 119 S. W. 161; Daugherty v. Thompson, 9 S. W. 99; Burr v. Boston, 95 N. E. 208; Trustees of Newcastle Common v. Megginson, 77 Atl. 565, Ann. Cas. 1914 A 1207.

People vs. The Assessors of Brooklyn, 11 N. Y. 505.

People vs. Wells, 179, N. Y. 257, 71 N. E. 1126.

Auditor General vs. Regents, 10 L. R. A. 376.

Trustees vs. Augusta, 20 L. R. A. 151.

Church of Good Shepard vs. Commonwealth, 180 Ky. 465, 202 S. W. 894.

State vs. Johnston, 214 Mo. 656, 113 S. W. 1083.

Anniston County vs. State, 48 So. 659.

Harry S. Bowman, Attorney General and A. M. Edwards, Assistant Attorney General, for the State.

The Las Vegas Grant is not a town or municipality under Section 3, Article 8, Constitution.

Sec. 3, Article 8, Const.; Sec. 3532, Code; 19 C. J. 1255; 28 Cyc. 117; Arnold Munc. Corp. 3; 2 Kent's Comm. 275; Sheperd Corp. 4-5; Cuddon v. Eastwick, 1 Salk. 192; Glover Mun. Corp. 1; Philadelphia v. Fox, 64 Pa. St. 169, 180; East Tenn. U. v. Knoxville 6 Baxt. Tenn. 166, 171; Heller v. Stremmel, 52 Mo. 309; Words & Phrases, Vol. 5, 462; U. S. v. Santa Fe, 165 U. S. 675; Sec. 5. Organic Act; C. L. 1897, p. 59; Sec. 842, Code 1915; Chap.22, Code 1915.

The property is subject to taxation.

Secs. 5427, 5430, 5462, Code 1915.

The property is not exempt from taxation by reason of the purpose for which it is used.

37 Cyc. 891; 26 R. C. L. 274; 37 Cyc. 928; Parker v. Quinn, 64 Pac. 961; Natinal Council of Knights vs. Phillips, 63 Kas. 808, 66 Pac. 1014; Portland Hibernian Ben. Soc. vs. Kelly, 28 Ore. 173, 42 Pac. 3, 52 Amer. St. Rpts. 796; 30 L. R. A. 167; Richmond Co. Academy v. Bohler, 80 Ga. 159, Note 50 L. R. A. (N. S ) p. 1211.

City of Indianapolis v. Grand Master, etc. 25 Ind. 521; Theological Seminary v. Illinois, 188 N. S. 675.

Luis E. Armijo, District Atorney and George H. Hunker and M. E. Noble, all of E. Las Vegas, on Supplemental Brief for appellee.

Provisions for exemption from taxation must be strictly construed.

2 Lewis-Sutherland Stat. Const. 1002, 1004; Black on Inter. of Laws, 510; Knoxville & Ohio R. Co. v. Harris, 43 S. W. 115; 1 Cooley Taxation, 356.

The immunity cannot be made out by inference but must be conferred in terms admitting of no reasonable doubt. 37 Cyc. 891.

Phoenix F. and M. Insurance Company vs. Tennessee, 161 U. S. 174.

Bailey vs. Maguire, 22 Wall, 215.

Philadelphia Railway Company vs. Maryland, 10 How. 376.     ,

North Chicago Hebrew Congregation vs. Garibaldi, 70 Ill. App. 33.

State vs. Great Northern Railway Company, 106 Minn. 303.

Trenton vs. Humel, 134 Mo. App. 595; 114 S. W. 1131.

People vs. New York Tax Commission, 95 N. Y. 554.

People vs. Neff, 34 N. Y. App. Div. 83.

Commissioners vs. Cover, 29 Pa. Super. Ct. 409, (affirmed in 215 Pa. St. 556).

Waller vs. Hughes, 2 Ariz. 114; 11 Pac. 122.

Hart vs. Plumb, 14 Cal. 148.

Presbyterian Theological Seminary vs. People, 101 Ill. 578.

The constitution exempts from taxation only such towns as are municipal corporations.

Article 8, Sec. 3, State Const; 19 C. J. 1255; 12 C. J. 707; Black on Inter. Laws, 23; Newell v. People, 7 N. Y. 9; Gibbons v. Odgen, 9 Wheat 1; 28 Cyc. 117; U. S. v. Santa Fe, 165 U. S. 675; Sec. 3532. Code 1915.

The land was not intended to be exempt from taxation.

City of Monterey v. Jacks, 73 Pac. 436; Enabling Act. Sec. 7.; Secs. 5427, 5430, 5431, 5432, Code 1915.

The land is not exempt by reason of the purpose for which used.

Sec. 853, Code 1915; Secs. 842 to 855, Code 1915.

## OPINION OF THE COURT

RAYNOLDS, C. J. This is an appeal from the district court of San Miguel county denying the appellant, the board of trustees of the town of Las Vegas, exemption claimed by said board from taxation of the property of the Las Vegas grant, under article 8, § 3, of the Constitution.

[1, 2] Appellant contends that the lands of the Las Vegas grant, over which it exercises control, is such an organization or instrumentality of the state government as to come within the exemptions of the Constitution. The question before us involves the construction of article 8, § 3, which is as follows:

"The property of the United States, the State and all Counties, Towns, Cities and School Districts, and other municipal corporations, public libraries, community ditches and all laterals thereof, all church property, all property used for educational or charitable purposes, all cemeteries not used or held for private or corporate profit, and all bonds of the State of New Mexico, and of tha counties, municipali. ties and disticts thereof shall be exempt from taxation."

The act organizing the Las Vegas grant, of which appellant is the board of commissioners, and the powers and duties of such commissioners, is to be found in Code 1915, §§ 842 to 855 inclusive. These enactments were originally Laws 1903, c. 47, §§ 1 to 10 inclusive, Laws 1909, c. 103, § 1, and Laws 1913, c. 86, §§ 1 to 3 inclusive. Appellant urges upon the court that the property of the organization or body of which they are trustees is exempt from taxation, because the body or organization is within the phrase "other municipal corporations." They further urge that the property is used for educational purposes, because, when it is sold, the funds derived from the sales go into the school fund

and are used for school purposes. Both propositions are carefully and fully briefed by the appellant, and numerous cases on similar questions are presented. We have carefully read and considered the contentions, and have come to the conclusion that the decision in this case must rest upon two well-known principles which govern the interpretation of provisions of this kind. These principles are: First. That taxation is the rule and exemption the exception; that the intention to make an exemption ought to be expressed in clear and unambiguous terms and that exemptions should not be sustained unless within the express letter or necessary scope of the provisions. Cooley on Taxation, 3rd (Ed.) vol. 1, p. 356; Samosa v. Lopez, Treas., 19 N. M. 312, 317, 142 Pac. 927 and cases cited; U. S. Trust Co. v. Territory, 10 N. M. 416, 420, 62 Pac. 987. Second. That the expression of one thing in a statute or constitutional provision is the exclusion of another.

[3]· The constitutional provision above quoted is not in general terms, but specifically states the property which is exempt. Such an organization for which the appellant is trustee is not included within the terms "other municipal corporations," under the well-known principle of construction of ejusdem generis, because such an organization is not of the nature of an agency or instrumentality of the state government, as are the other municipal corporations named. Further, its property is not specifically made exempt, as is the property of public libraries, community ditches, and laterals thereof, churches, cemetaries and all bonds of this state, counties and municipalities and districts thereof, and the rule of construction expressio unius est exclusio alterius applies. Our conclusion that such organizations as the appellant are not included within the phrase "other municipal corporations" is strengthened by the fact that, at the time of the adoption of the Constitution of this state there was in force a complete system for the organization and regulation of municipal corporations, defining them as bodies politic and corporate, and granting to them privileges extended to like cor-

porations. The original act on this subject was chapter 39, Laws 1884, which, with certain additions not material to this opinion, is found as chapter 75, Code 1915. Such municipal corporations were the ones known to, and contemplated by, the makers of the Constitution, and the phrase "other municipal corporations" did not extend to organizations like the appellant, nor to corporations nor bodies, which by their nature were not bodies politic and corporate, nor instrumentalities, nor agencies of the state government.

It cannot be successfully contended that the property of the appellant is used for educational purposes, because the funds derived therefrom after the sale thereof are placed in the school fund. The property itself is only exempt when used for such purposes,. by the plain language of the section quoted.

Under the provisions of the Constitution and the well-known rules of construction applicable thereto, we hold that the property, standing in the name of the board of trustees of the town of Las Vegas, is not exempt from taxation, and the decision of the lower court is therefore affirmed; and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate.