[No. 2586.    April 24, 1923.]

## BERGER et ux. v. UNIVERSITY OF NEW MEXICO et al

[Rehearing Denied Aug. 27, 1923.]

##### (SYLLABUS BY THE COURT.)

(1) Under section 5430, Code 1915, the exemption from taxation extended to certain institutions and societies therein named, continues only so long as the property is used for the purposes therein named.                    P. 667.

(2)  A tax deed upon tax sale certificates sold by the county to a purchaser in 1910 is properly issued immediately to the purchaser.   Crawford v. Dillard, 26 N. M. 291, 191 Pac. 513, followed.                                 P. 671.

Appeal from District Court, Santa Fe County, Holloman, Judge.

Action by William M. Berger and wife against the University of New Mexico and others.   From a judgment for plaintiffs, defendant J. W. Norment appeals. Reversed and remanded, with directions.

J. H. Crist, of Santa Fe, for appellant.

Geo. W. Prichard, of Santa Fe, for appellees.

##### OPINION OF THE COURT.

PARKER, C. J.   This is an appeal from the same judgment which was dicussed in Berger et al. v. Santa Fe College, 28 N. M. 545, 215 Pac. 825.   The appeal in this instance is by the holder of the tax title, which was held in the judgment to be invalid.   The appellant in this case, James W. Norment, assigns many errors, but discusses only one, which is fundamental, and which will dispose of the appeal.   The question presented is as to when and under what circumstances property used for the purposes mentioned in the statute, and which, when so used, is exempt from taxation, may become subject to taxation by reason of nonuser for the purposes for which it was intended.   The section of the statute involved is section 5430, Code 1915, and is as follows:

"The following property shall be exempt from taxation: * * * All public libraries, the grounds buildings, books, pa-.pers and apparatus of literary, scientific, benevolent, agricultural and religious institutions and societies, when the property of the said institutions and societies shall be devoted exclusively to the appropriate objects of such institutions and not leased or rented or otherwise used with a view to pecuniary profit."

This act was passed in 1891, and the provisions of Sec. 3 of Art 8 of the State Constitution have no application in this case.

[1]   All of the counsel in the case assume that the property in question falls within the terms of the statute, and we will so treat the matter.   It appears from the testimony in the case that the property was never used for any other than educational purposes.   This use continued from shortly after the date of the deed to the University of New Mexico down to 1889.   Thereafter no use whatever has been made of the property so far as appears from the record.   On April 25, 1904, the land and improvements thereon were sold at a foreclosure sale to one Ernest A. Johnson, who was the agent of the Santa Fe College, and on May 14, 1904, he conveyed the property to said Santa Fe College. The property was assessed for taxation for the year 1904 in the name of the said Johnson, and also for the years 1905 to 1908, inclusive.   On April 7, 1906, the property was sold at delinquent tax sale for the taxes of 1904 to Santa Fe county.   On August 13, 1908, the property was again sold to Santa Fe county at delinquent tax sale for the taxes of 1905 and 1906.   On December 5, 1910, the county sold the tax sale certificates issued on said tax sales, to appellant, and on February 11, 1911, the treasurer of Santa Fe county executed. and delivered his deed conveying the property to appellant.   This deed was introduced by appellant without objection on the part of any of the other parties to the action, and no question was made at the trial as to the regularity of the tax proceedings whereby the appellant acquired his tax title.   It appears by allegation, which is undenied by any evidence or pleading,

that the Santa Fe College, the successor of the University of New Mexico, which was the original grantee in the deed, is an institution of learning founded to carry on educational work in Santa Fe, and especially to establish a Chautauqua, or summer institution of Christian education, in Santa Fe.   The Santa Fe College, however, has never made any use of the premises for the purpose for which it was organized, or for any other purpose, so far as appears from the record.   It therefore appears that the appellant must rely, as he does in fact rely, upon mere nonuser of the premises as a basis for his claim that the property was subject to taxation, and the other parties to the cause rely upon the statute above quoted as granting to the Santa Fe College an exemption from taxation.

In approaching the subject of the proper interpretation of the statute, it may be well to recur to some general principles governing the matter of exemption from taxation.   In the first place, it may be said that taxation is the rule and that exemption is the exception, and that all provisions for the exemption of property from taxation are to be strictly construed.   This doctrine is founded upon the justice of the matter, because taxation should be, as nearly as possible, uniform throughout the state, so that all shall bear a proper proportion of the public burdens.

Another consideration in this connection is that one of the reasons for the exemption of certain classes of property from taxation is that the state is to receive some benefit by reason of such exemption.   Book Agents vs. Hinton 92 Tenn. 188, 21 S. W. 321.   In the case of an educational institution the state receives benefit by way of education of its people, and the fitting of youth for useful citizenship.   When an educational institution fails or ceases to function, the benefits to be derived by the state in this regard would seem to be lacking.

The solution of the question involved turns upon the proper interpretation of the words in the statute

providing that the property of said institutions and societies "shall be devoted exclusively to the appropriate objects of such institutions, and not leased or rented or otherwise used with a view to pecuniary profit." If the word "devoted" is equivalent to the word "used,' 'there would seem to be no difficulty in determining the question. Almost countless numbers of cases have been decided under statutes where the word "used" is employed, and they all hold that under such a statute the property must be actually occupied and used in accordance with the purposes of the institution, or there is no exemption from taxation. Our statute is evidently copied from the state of Iowa, the only divergence between the two being that in our statute the words "devoted exclusively" are used, while in the Iowa statute the words used are "devoted solely." "Solely" and "exclusively" would seem to be synonymous, and there is, therefore, no difference between the statutes. The Iowa statute has been construed by the Supreme Court of that state, and it has been held there that the word "devoted" is equivalent to the word "used," and that property which is allowed to stand idle is not devoted to the appropriate objects of the institution, and is consequently not exempt from taxation. See Mulroy v. Churchman et. al., 60 Iowa, 717, 15 N. W. 583; Kirk v. St. Thomas' Church, 70 Iowa, 287, 30 N. W. 569.

It would seem clear from the facts in this case that this property was not being devoted to any of the objects mentioned in the statute in 1904 when the tax was laid upon the same. Up to 1899 the property had been used for educational purposes, but for five years following that date no use whatever had been made of the same. In 1904 the Santa Fe College acquired the title to the property through foreclosure proceedings, but the Santa Fe College has never made any use of the property whatever, and it has been neglected until it has gone into a state of dilapidation, and is now unsafe for occupancy. There is some testimony in

the case to the effect that the Santa Fe College intends at some indefinite future time to devote the property to the cause of Christian education, but nothing of a definite character of purpose is disclosed by the testimony.    The territory, and afterwards the state, has never since 1899 received one particle of benefit by way of compensation for any exemption from taxation. Under such circumstances it would seem clear that there is no exemption to be allowed.    That this is the general rule in cases under statutes like or similar to ours, see Washburn College v. Commissioners of Shawnee County, 8 Kan. 344, which seems to be a leading and much-cited case, the opinion being by Judge Brewer; County Commissioners v. Colorado Seminary, 12 Colo. 497, 21 Pac. 490; Montana Catholic Mission v. Lewis and Clark County, 13 Mont. 559, 35 Pac. 2, 22 L. R. A. 684; Commonwealth of Virginia v. Lynchburg Y. M. C. A., 115 Va. 745, 80 S. E. 589, 50 L. R. A. (N. S.) 1197, and note; Sioux Falls Lodge v. Charles F. Mundt, County Treasurer, 37 S. D. 97, 156 N. W. 799, 2 A. L. R. 542, and note; Scottish Rite Bldg. Co. v. Lancaster County, 106 Neb. 95, 182 N. W. 574, 17 A. L. R. 1020, and note.    Appellant has cited numerous cases in addition to those cited above, all to the same general effect.

It is suggested by counsel for the Santa Fe College that two things must concur under the statute before the exemption from taxation will be lost, and they are that the property shall not be devoted to the objects of the institution, and that it shall be leased, rented, or used with a view to pecuniary profit.    We do not agree with this interpretation of the section.    Such an interpretation runs counter to all of the principles governing the granting of immunity from taxation, the fundamental principle being that the state is to receive benefit from the exemption.    The statute evidently means that the property must be used for the appropriate purposes, and that it must not be used for pecuniary profit.

Berger et ux.   v.   University of New Mexico et al.,   666.

[2]   Counsel for the Santa Fe College suggest that the tax deed under which the appellant claims title was necessarily invalid because the appellant acquired the tax sale certificates on December 5, 1910, and on February 11, 1911, the treasurer executed and delivered the tax deed to him.   In this particular the counsel is in error.   In Crawford v. Dillard, 26 N. M. 291, 191 Pac. 513, we carefully considered the question of the right to redeem from tax sales, and traced the history of the legislation on that subject.   We there held that the law governing the redemption from tax sales, as it existed in 1910 and 1912, provided that the owner had three years from date of sale in which to redeem.   That being so, as soon as the tax sale certificate was sold to the appellant, he had the right to apply to the treasurer for his tax deed, the three years from the date of the sale having long expired prior to that time. Subsequent legislation has made some changes in that regard, as is pointed out in the Crawford-Dillard Case, but these provisions are not applicable here.

It follows from all of the forgeing that the judgment of the district court should be reversed, and the cause remanded, with direction to enter judgment in favor of the appellant establishing the validity of his tax title as against the original plaintiffs and the defendant, the Santa Fe College; and it is so ordered.

BRATTON and BOTTS, JJ., concur.