COMMISSIONER OF INTERNAL REVENUE v. ARUNDEL-BROOKS CONCRETE CORPORATION.

No. 5413.

Circuit Court of Appeals, Fourth Circuit.

Dec. 10, 1945.

226

John F. Costelloe, Sp. Asst. to Atty. Gen., (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

William S. Hammers, of Washington, D. C., for respondent.

Before SOPER and DOBIE, Circuit Judges, and COLEMAN, District Judge.

SOPER, Circuit Judge.

The point at issue is whether we should regard the decision of this court in Arundel-Brooks Concrete Corp. v. Commissioner, 129 F.2d 762, as res judicata since it involved the same question between the same parties as are now before us, or should be governed by the contrary subsequent decision on the same question of law by the Supreme Court in Detroit Edison Co. v. Commissioner, 319 U.S. 98, 63 S.Ct. 902, 87 L.Ed. 1286.

In our earlier decision we held that the taxpayer was entitled to base its depreciation allowance on the full amount of the cost of its plant, although $20,000 thereof had been contributed for business reasons by another corporation. A different view of the same question of law was taken in Detroit Edison Co. v. Commissioner, 6 Cir., 131 F.2d 619, and accordingly the Supreme Court granted certiorari. In affirming the decision below in that case the Supreme Court said (319 U.S. 102, 63 S.Ct. 904, 87 L.Ed. 1286):

" * * * we think the statutory provision that the 'basis of property shall be the cost of such property' § 113(a) [26 U.S.C.A. Int.Rev.Acts, page 859] normally means, and that in this case the Commissioner was justified in applying it to mean, cost to the taxpayer. A property may have a cost history quite different from its cost to the taxpayer. It may have been purchased for less or more than original cost, or built by contract which called for payments on which the builder profited greatly or suffered heavy loss. But generally and in this case the Commissioner was in no error in ruling that the taxpayer's outlay is the measure of his recoupment through depreciation accruals."

The taxpayer, however, points out that the question now before this court is precisely the same as was involved when the same parties were before us in the earlier case. The only difference is that that case related to the tax year 1937 while the present case relates to the tax years 1939 and 1940, and the basis for depreciation has been the same throughout the entire period. Hence the taxpayer relies on the principle of res judicata, that a right or question distinctly put in issue and determined by a court of competent jurisdiction as a ground for recovery must be taken as conclusively established between the same parties in a second suit, even if it is for a different cause of action. Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355.

This rule was applied in an income tax controversy in Tait v. Western Md. R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, where the court held that a prior decision which recognized the right of the taxpayer in a certain tax year to take a deduction from gross income based on the amortization of bond discount was binding when the same question was later raised as to subsequent tax years in a suit between the same parties. The court said (289 U.S. at page 624, 53 S.Ct. at page 707, 77 L.Ed. 1405):

"This court has repeatedly applied the doctrine of res judicata in actions concerning state taxes, holding the parties concluded in a suit for one year's tax as to the right or question adjudicated by a former judgment respecting the tax of an earlier year. * * * The public policy upon which the rule is founded has been said to apply with equal force to the sovereign's demand and the claims of private citizens. Alteration of the law in this respect is a matter for the law-making body rather than the courts. * * * It cannot be supposed that Congress was oblivious of the scope of the doctrine, and in the absence of a clear declaration of such purpose, we will not infer from the annual nature of the exaction an intent to abolish the rule in this class of cases."

The Tax Court felt bound by these decisions and ruled in favor of the taxpayer in the pending suit. We would follow the same course if we were not con-

vinced that the Supreme Court by its supervening decision in Detroit Edison Co. v. Commissioner, supra, has changed the situation by announcing a different rule of law on the crucial question at bar, and that it is incumbent upon us to give effect to this change in the law. The Supreme Court has held since its decision in Tait v. Western Md. R. Co., supra, that the rule announced therein does not control if a relevant change in the law has taken place since the decision of the court which is relied on as binding between the parties in subsequent litigation; and that such a change may consist of an intervening decision of either a State or a Federal court. Thus in Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 8 L.Ed. 465, the court considered the binding effect of an earlier decision which held that assignments of income by a beneficiary of a trust estate to his children were invalid and hence he was taxable upon the entire income. It was decided that this ruling was not res judicata as to subsequent tax years because in the meantime in a suit in the State court it had been established that the assignments were entirely valid. The court said (300 U.S. at page 9, 57 S.Ct. at page 33, 81 L.Ed. 465):

" * * * we think that the ruling in the Tait case is not applicable. That ruling and the reasoning which underlies it apply where in the subsequent proceeding, although relating to a different tax year, the questions presented upon the facts and the law are essentially the same. Tait v. Western Maryland R. Co., supra, 289 U.S. 620, at pages 624, 626, 53 S.Ct. 706, 707, 708, 77 L.Ed. 1405. Here, after the decision in the first proceeding, the opinion and decree of the state court created a new situation. The determination of petitioner's liability for the year 1923 had been rested entirely upon the local law. Commissioner v. Blair, 7 Cir., 60 F.2d 340, 342, 344. The supervening decision of the state court interpreting that law in direct relation to this trust cannot justly be ignored in the present proceeding so far as it is found that the local law is determinative of any material point in controversy. Compare Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634; Hubbell v. Helvering, 8 Cir., 70 F.2d 668."

The same rule was applied as to an intervening decision of a federal court changing the law in State Farm Mutual Ins. Co. v. Duel, 324 U.S. 154, 65 S.Ct. 573. In that case the Supreme Court of the United States affirmed the decision of the Supreme Court of Wisconsin that a state statute regulating the computation of the unearned premium reserve of insurance companies doing business in the State did not violate the due process clause of the Fourteenth Amendment or the full faith and credit clause of the federal Constitution, art. 4, § 1, but refused to consider the additional contention that the statute violated the commerce clause of the Constitution. This question had not been raised in the State court but emerged subsequently as the result of the decision in United States v. South-Eastern Underwriters Ass'n, 322 U. S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440, and on this account the Supreme Court of the United States refused to consider it. It was nevertheless held that the insurance company was not foreclosed from obtaining a determination of the question in the Wisconsin court in the suit under consideration or in other pending suits. The court said (324 U.S. at page 162, 65 S.Ct. at page 577):

"We are advised that appellant has pending in the Wisconsin courts another suit in respect to the license year commencing May 1, 1944. Wisconsin has the familiar rule that though the validity of the law in question might have been determined in an earlier suit, the prior judgment is not res judicata where the second suit is on a different cause of action in absence of evidence to show that the question was actually presented to the court and decided in the earlier litigation. Wentworth v. Racine County, 99 Wis. 26, 31, 74 N.W. 551; Grunert v. Spalding, 104 Wis. 193, 213, 214, 79 N.W. 606, 80 N.W. 589; Lindemann v. Rusk, 125 Wis. 210, 237, 104 N.W. 119. But if that principle is inapplicable here it is nevertheless the general rule that res judicata is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation. 2 Freeman on Judgments (5th Ed. 1925), § 713; Blair v. Commissioner, 300 U.S. 5, 9, 57 S.Ct. 330, 81 L.Ed. 465; West Coast Life Ins. Co. v. Merced Irrigation Dist., 9 Cir., 114 F.2d 654, 662; In re Pomeroy, 51 Mont. 119, 151 P. 333; Hurd v. Albert, 214 Cal. 15, 26, 3 P.2d 545, 76 A.L.R. 1348. We cannot find that Wisconsin has a different rule."

See also the discussion of the same question in Pelham Hall Co. v. Hassett, 1 Cir.,

147 F.2d 63, 68; Commissioner v. Security-First Nat. Bank, 9 Cir., 148 F.2d 937; Commissioner v. Western Union Tel. Co., 2 Cir., 141 F.2d 774; Restatement Judgments § 70.

Since the decision of the Supreme Court in Detroit Edison Co. v. Commissioner, supra, changed the law as announced by this court in its earlier decision and created an altered situation, the decision of the Tax Court must be reversed.