216 P.2d 698

ALBUQUERQUE BROADCASTING CO. v.
BUREAU OF REVENUE et al.

No. 5237.

Supreme Court of New Mexico.

Feb. 28, 1950.

Joe L. Martinez, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., Louis C. Lujan, Santa Fe, for Bureau of Revenue.

Hannett & Hannett, Albuquerque, for appellee.

Don Petty, Washington, D. C., amicus curiae.

BRICE, Chief Justice.

The question is whether appellant's plea of res adjudicata should have been sustained. This is a similar suit to Albuquerque Broadcasting Co. v. Bureau of Revenue of the State of New Mexico, 51 N.M. 332, 184 P.2d 416, but the issues here are different.

The appellee (hereinafter called Broadcasting Company) sued appellants Bureau of Revenue of the State of New Mexico and its Commissioner, and the Director of the School Tax Division (hereinafter collectively called Bureau of Revenue) and recovered judgment for the amount of taxes it had paid under protest, accruing for the months of August, September, October and November, 1947, which the Bureau of Revenue contended was due the State under art. 14, Ch. 76 N.M.Statutes, 1941, the parts of which material here, are as follows:

"There is hereby levied, and shall be collected by the bureau of revenue, privilege taxes, measured by the amount or volume of business done, against the persons, on account of their business activities, engaging or continuing, within the state of New Mexico, in any business as herein defined, and in the amounts determined by the application of rates against gross receipts, as follows:

\* \* \* \* \* \*

"G. At an amount equal to two (2) per cent of the gross receipts of the business of every person engaging or continuing in the business of conducting \* \* \* radio broadcasting stations \* \* \*." Sec. 76-1404, N.M.Sts.1941.

"None of the taxes levied by this act shall be construed to apply to sales made to the government of the United States or any agency or instrumentality thereof, except a corporate agency or corporate instrumentality, nor to sales to the state of New Mexico or any of its political subdivisions; provided that deposits of gold and silver with the United States' mint

shall not be considered as sales to the government of the United States and shall not be exempt hereunder; nor shall such taxes apply to any businesses or transactions exempted from taxation under the Constitution of the United States or the state of New Mexico." Sec. 76-1405, N.M. Sts.1941.

The amount of the judgment totaled $2011.76 with interest on the several amounts aggregating the total, at six per cent per annum from the respective dates of payment.

The Bureau of Revenue answered by a plea of res adjudicata as follows:

"That all of the matters presented in Cause No. 22025, District Court of Santa Fe County, were litigated in Cause No. 19984, District Court of Santa Fe County, the same being Supreme Court Cause No. 4998 [51 N.M. 332, 184 P.2d 416] and entitled 'Albuquerque Broadcasting Company, a corporation, Plaintiff, vs. Bureau of Revenue of the State of New Mexico, R. L. Ormsbee, commissioner of said Bureau, and Earle Kerr, Director of the School Tax Division of said Bureau,' and that said questions herein presented were contained in the allegations of the pleadings in the prior suit hereinabove referred to.

"That by said decision, all of the questions therein litigated became res adjudicata between the parties thereto. The allegations contained in the complaint herein present the same matters for determination by this Court and would require proving of the same facts as had to be proved in the former case above referred to.

"Wherefore defendants pray that an order issue out of this court consistent with the decision of the Supreme Court handed down in Cause No. 4998 (District Court of Santa Fe County, Cause No. 19984) on August 11, 1947."

Specific admissions and denials were made by the Bureau of Revenue in their answer, in addition to the plea set out; but all such defenses were waived, and here the Bureau of Revenue relies alone on the plea stated. The Bureau of Revenue admitted the payment to it of the tax money sued for.

This case was consolidated for trial in the district court with Albuquerque Broadcasting Co. v. Bureau of Revenue et al., No. 19,984 (Supreme Court No. 5236) 54 N.M. 133, 215 P.2d 819, this day decided). Some five hundred pages of testimony were taken in the consolidated cases, and findings of fact entered in Cause No. 19984. By stipulation of parties the following order was entered by the district court:

"Whereas the attorneys for the parties herein, same being identical with those involved in Cause No. 19984, on the docket of the District Court of Santa Fe County, have by stipulation agreed that the record,

with one exception, in Cause No. 19984 should be adopted as the record in this cause; and,

"Whereas, the Court has this day rendered its findings of fact and conclusions of law and its Opinion in Cause No. 19984;

"It is, therefore, Ordered that the findings of fact and conclusions of law and the Opinion of the Court in Cause No. 19984, be, and the same hereby are, adopted in this cause, as though fully set out herein.

"It is further Ordered that the findings of fact and conclusions of law requested by the parties in either of Causes 19984 or the above entitled cause, which are in conflict with those made by the Court be, and they hereby are, denied."

The findings of fact so adopted consist of twenty-five separately numbered paragraphs, substantially all of which are evidentiary facts, and none of which have any reference to the items sued on in this action.

■ But the findings of fact, however deficient, are out of the case.

The only assignment of error is the following: "The questions raised in the complaint herein are res judicata, and therefore this court is estopped from trying the matters alleged therein."

The Bureau of Revenue points to no testimony that sustains the plea of res judicata. It is asserted that all the issues in this case were tried and determined in Albuquerque Broadcasting Co. v. Bureau of Revenue et al., No. 19984 on the docket of the district court of Santa Fe County, New Mexico, upon appeal to this court. See Albuquerque Broadcasting Co. v. Bureau of Revenue, et al., 51 N.M. 332, 184 P.2d 416. But while the parties are identical, the causes of action are different. In district court cause No. 19984 the action was brought to recover some $23,000 tax money paid under protest to the Bureau of Revenue which the latter claimed was due on proceeds received from broadcasting on and prior to August 31, 1945. The present action was brought to recover tax money paid under protest in 1947, which sums were not and could not have been a part of the funds sued for in district court suit No. 19984. The judgment in that case was entered March 30, 1946, long before the claim or cause of action in this suit was in existence. There may have been some facts determined in the prior suit that would have been binding on the parties in this action if properly pleaded, but no reference is made to them. See Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636, 142 A.L.R. 1237.

The Bureau of Revenue quotes from In re McMillan's Estate, 38 N.M. 347, 33 P. 2d 369, 371, as follows:

"The rule is clearly stated in Myers v. International Trust Co., 263 U.S. 64, 44

S.Ct. 86, 87, 63 L.Ed. 165, where Mr. Chief Justice Taft quoted Mr. Justice Field in Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195, as follows:

" 'In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * *

" 'But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.' "

■ No other authority need be cited to establish conclusively that the plea of res adjudicata must fail. The causes of action are entirely different, although the alleged liability of the Broadcasting Company arose in each case under the same statute.

The appellant has not otherwise assigned error. Supreme Court Rule XII provides: "The review shall be limited to the errors assigned, and such assignment may be amended only in furtherance of justice and on terms and on special leave of the district court before the filing of the transcript and of the Supreme Court thereafter."

See Williams v. Kemp, 33 N.M. 593, 273 P. 12.

The judgment of the district court should be, and is, affirmed.

It is so ordered.

LUJAN, SADLER, McGHEE and COMPTON, JJ., concur.