240 P.2d 216

**TOWN OF ATRISCO v. MONOHAN, County Treasurer of Bernalillo County et al.**

No. 5392.

Supreme Court of New Mexico.

Jan. 16, 1952.

Hannett & Hannett, Albuquerque, for appellant.

Paul Tackett, Dist. Atty., Albuquerque, for defendants-appellees.

Melvin Yost, Santa Fe, for intervenor-appellee.

HARRIS, District Judge.

The appellant, Town of Atrisco, a corporation organized under Ch. LXXXVI of N.M.L.1891, approved February 26, 1891, and continued under Ch. 3, N.M.L. 1917 in which the earlier act was repealed by leaving the corporations in existence.

This corporation instituted this suit against the several named county officers to permanently enjoin them from collecting taxes assessed against the common lands of the Atrisco Grant and to enforce the return to the relator of one-half the taxes paid for 1949, and pleaded that a certain judgment in Cause No. 12666 in the District Court of the Second Judicial District

for Bernalillo County, entitled "Board of Trustees of the Town of Atrisco v. Stephen E. Roehl, Assessor of Bernalillo County," compelling the assessor of Bernalillo County and his successors to refrain from assessing said property for taxes thereafter, was in force and binding on the taxing officers.

The State Tax Commission of the State of New Mexico intervened and pleaded a certain judgment in the District Court of Bernalillo County, entitled "State of New Mexico ex rel. State Tax Commission v. John A. Flaska", No. 34749, in which the District Court of that county by writ of mandamus compelled the proper officers to enter an assessment of the property involved here on the tax rolls for the year of 1946 and subsequent years.

The contention of the respondents is that the order in Cause No. 34749 is later and supersedes the contrary order in Cause No. 12,666.

The trial court made findings of fact and conclusions in which the contentions of the parties and views of the trial court are manifest. They are as follows:

"Findings of Fact

"1. The plaintiff, Town of Atrisco, is a corporation organized under the laws of the State of New Mexico and holds title to several thousand acres of common lands in the community land grant of the Town of Atrisco, located in Bernalillo County, New Mexico.

"2. The defendant, Edna Monohan, is the duly elected and qualified County Treasurer of Bernalillo County, New Mexico, and the defendant, Daniel O'Bannon, is the duly elected and qualified County Assessor of Bernalillo County, New Mexico; and the State Tax Commission of New Mexico is charged with the duty of exercising general supervision over the administration of the assessment and tax laws of the State of New Mexico and is vested with the power to enforce by mandamus or other appropriate remedy in the Courts, the performance of all statutory, ministerial and executive duties of all state and county officers, the performance of which is necessary and requisite for the collection of taxes.

"3. In 1920 the land involved in this case was a part of the common lands of the town of Atrisco Grant, a confirmed Mexican Pueblo Grant. In that year these lands were assessed for taxes. Thereafter, on December 17, 1920, a suit was filed in the District Court of Bernalillo County by the trustees of the Atrisco Grant, for the

purposes stated in the complaint, which was in words and figures as follows:

"No. 12666 : In the District
Board of Trustees Court of the County
of the Town of of Bernalillo, State
Atrisco of New Mexico
v.
Stephen E. Roehl,
Assessor of Berna-
lillo County

"Complaint

"Plaintiff in the above entitled cause complains of the defendant and shows to the court that the said defendant is the assessor of Bernalillo County and that he has assessed and placed upon the tax roll of 1920 the property of said plaintiff although by two decisions of this court it has been held that the said property is not subject to taxation. Plaintiff therefore prays that by an order of this court the said defendant be required to strike out from said tax roll the assessment of the said property, and that his successor or successors in office be restrained and enjoined from making any like assessment in the future.

"The Board of Trustees
of the Town of Atrisco
(Seal)
"By (Sgd.) David J. Metzgar,
President

"The complaint was endorsed as follows:
"No. 12666

Board of Trustees of Town of Atrisco
v.
Stephen E. Roehls
Assessor Bernalillo Co.
Filed in my office this Dec. 17, 1920
Nestor Montoya, Clerk, By Harry F. Lee
(Written in, in ink, and initialed OBM and DM, Jr.
Filed by
George R. Craig, Dist. Atty.
"The following decree was entered:
"No. 12666 In the District
Board of Trustees Court, County of
of the Town of Bernalillo, State of
Atrisco New Mexico
v.
Stephen E. Roehl,
Assessor of Berna-
lillo County

"Upon reading and filing the complaint of said plaintiff, from which it appears that the defendant has assessed and placed upon the tax roll of 1920, the property of plaintiff which has by two decisions of this court, been held exempt from taxation.

"It is ordered and adjudged by the Court, as prayed in said complaint, that the defendant as such assessor as aforesaid, be, and he hereby is, required to cancel and erase the said assessment upon the tax roll of 1920; and it is further

"Ordered and adjudged that the successor and successors of the said defendant in the said office of assessor be and hereby are restrained and enjoined from again assessing the said property which, as aforesaid, has been held to be exempt from taxation.

"(Sgd.) M. E. Hickey, District Judge.

"The records of Bernalillo County further show in connection with this cause the following docket entries:

"1920

Dec. 17 Filing Petition for Injunction

Dec. 17 Filing Final Order Rec. XI page 466

Dec. 17 Certified Copy to Assessor.

"No other documents are recorded or in the court file. No appeal was taken from this judgment.

"4. On February 23, 1946, in Cause No. 34749, in the District Court of Bernalillo County, the State of New Mexico, upon the relation of the State Tax Commission, filed a petition for a Writ of Mandamus against John A. Flaska, who was then the Assessor of Bernalillo County, asking that he be ordered to appraise and value and list the common lands of the Town of Atrisco for assessment for the year of 1946 and to make an omitted property assessment against said property pursuant to the provisions of Chapter 76–240, N.M.Comp. 1941. Thereafter, the respondent, John A. Flaska, was duly served with an alternative writ of mandamus, in which he was ordered to either assess the property in question or to show cause why he had not done so. The respondent then filed an Answer in the case in which he explained that he and his predecessors in office had not assessed the property in question since 1920 because of the restraining order entered in Cause No. 12666. A hearing was held and all the parties, including Hugh B. Woodward and Pearce C. Rodey, who had been appointed by the Court as amicus curiae, appeared and made their argument, and the Court then entered an Order making the Alternative Writ of Mandamus peremptory insofar as it called for the assessment of the realty involved for the year 1946 and subsequent years. Nothing was done about the taxes due for the ten year period prior to 1946. No appeal was taken from this Order.

"5. On December 9, 1949, the plaintiff paid under protest the first half of the 1949 tax assessment against its common lands, in the amount of $560.06.

"6. And on March 2, 1950, the plaintiff filed this suit asking, in effect, that the County Treasurer be permanently enjoined from assessing its common lands and that the $560.06, paid under protest, be ordered returned to the plaintiff.

"Conclusions of Law

"1. This Court has jurisdiction of the parties and subject matter involved in this case.

"2. This Court had jurisdiction of the parties and subject matter involved in Cause No. 34749, which is referred to above, and the Order entered in that case has become final.

"3. The common lands of the plaintiff are not now exempt from taxation and they were not exempt from taxation in 1920 or for any year subsequent to that year.

"4. In 1922, after the Supreme Court of New Mexico had held that such lands were not exempt from taxation, it became obvious that the Restraining Order entered by this Court in 1920 was erroneous.

"5. To grant the relief prayed for in the complaint filed in this case would be contrary to public policy as it would cause inequities among taxpayers and would tend to upset the tax structure of this County.

"6. The Restraining Order entered by this Court in Cause No. 12666 has in effect, been vacated or superseded by its later Order entered in Cause No. 34749.

"7. The complaint should be dismissed with prejudice.

"s/Edwin L. Swope, District Judge."

Upon these findings the trial court entered its judgment, dismissing plaintiff's complaint, from which judgment this appeal was taken.

As the record shows, this is the third case involving the question of the validity of the judgment in Cause No. 12666 mentioned in the findings of fact. The Atrisco Grant consisted of several thousand acres of land which, along with many other Pueblo grants in this state, was erroneously not taxed until after the decisions of this court in Board of Trustees v. Sedillo, Treasurer, 28 N.M. 53, 210 P. 102, and State v. Board of Trustees, 28 N.M. 237, 210 P. 101, decided in 1922 after the entry of the judgment in Cause No. 12666.

It appears from the record that for some fifteen years thereafter this land grant was not taxed and Cause No. 34749 mentioned in the findings of fact was brought to compel the county assessor to enter an assessment of the property on the tax rolls, to which cause of action it does not appear that the Board of Trustees of the land grant was a party. That being the case, the order entered in that case compelling the assessing officers to assess the land in question cannot be pleaded as res judicata in this case.

The question therefore recurs on whether the judgment in Cause No. 12666 can be pleaded as res judicata in the present suit, a question determined by this court in McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970.

■ It is the policy of this State, expressed in its Constitution, that tangible property must be taxed unless specifically exempt by the Constitution, or by legislative act authorized by the Constitution. State ex rel. Attorney General v. State Tax Comm., 40 N.M. 299, 58 P.2d 1204. Certain property is exempt from taxation 'by Sec. 3 of Art. 8 of the State Constitution. By Sec. 5 of Article 8 the legislature may exempt other specific property from taxation. All other tangible property is required by the Constitution to be taxed. With reference to these provisions of the Constitution, we stated in McDonald v. Padilla, supra: [53 N.M. 116, 202 P.2d 975.]

"Sec. 5 of Art. 8 provides that the Legislature may exempt from taxation property of each head of a family to the amount of $200 and the property of honorably discharged soldiers, etc., in the sum of $2000. The latter exemption, however, was not in force until 1921, which was subsequent to the entry of the judgment involved here. All other tangible property in New Mexico is subject to taxation. State v. Board of Trustees of Town of Las Vegas, 28 N.M. 237, 210 P. 101. It is obvious that the property of the town of Atrisco was taxable unless exempt under Sec. 3 of Art. 8 of the Constitution, and such exemption (if any) continued only so long as it was within a classification exempt under .this section of the Constitution. Berger v. University of

New Mexico, 28 N.M. 666, 217 P. 245; but 'no facts were found in Cause No. 12,666 to indicate the ground of exemption.

"In other words no facts were found by the court to support the legal conclusion that the town of Atrisco Grant was exempt from taxation."

■ It thus appears that the lands involved here do not come within either section of the Constitution, and are therefore subject to taxation, and that at least until 1946, the Atrisco Grant, consisting of many thousands of acres of land, has escaped taxation, although required to be taxed 'by the Constitution of this State.

We further stated in the Padilla case: " * * * appellee cites Board of Trustees of Town of Tome v. Sedillo, Treasurer, 28 N.M. 53, 210 P. 102; and State v. Board of Trustees of the Town of Las Vegas, 28 N.M. 237, 210 P. 101, decided in 1922, as authority on the .proposition that since the entry of the judgment in Case No. 12,666, that the Supreme Court had decided that similar Pueblo grants were subject to taxation, and were not exempt as being a 'town' or 'municipal corporation' in the sense used in the Constitution. The appellee asserts that the supervening decisions of this court mentioned is such a change in the law as to create new issues or facts because of the difference in the applicable law. There is high authority supporting this contention (citing authorities).

It was said in Henricksen v. Seward, [9 Cir., 35 F.2d 986, 989, 150 A.L.R. 1],

" 'Thus in tax controversies of this character, when the courts undertake to bestow on either party a vested right in an erroneous decision of law, they are apt, by multiplying the issues, merely to add fuel to the controversies.'

"There are both Federal and state authorities supporting each side of this interesting question, but as we are not advised the basis in fact for the holding of the district court in Case No. 12,666 we are not able to say that the supervening decisions cited were based upon the same claim of exemption."

As we stated in the Padilla case, the district court in Cause No. 12666 made no findings from which it could be determined the theory for its conclusion that the land in controversy was exempt from taxation. The inference from its record is strong enough to have supported a judgment in a direct action to cancel the decree in that cause, upon the ground that no process was issued or served, but such proceeding seems to have been overlooked, and the question could not be raised in the subsequent cases in which the judgment was collaterally attacked. See Padilla case.

The doctrine of res judicata is stated in Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 719, 92 L.Ed. 898, as follows:

"The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' * * * The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. * * *

"But where the second action between the same parties is upon a different cause or demand, the principle of res judicata is applied much more narrowly. In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' (Authorities.) Since the cause of action involved in the second proceeding is not swallowed by the judgment in the prior suit, the parties are free to litigate points which were not at issue in

the first proceeding, even though such points might have been tendered and decided at that time. But matters which were actually litigated and determined in the first proceeding cannot later be relitigated. Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel. In this sense, res judicata is usually and more accurately referred to as estoppel by judgment, or collateral estoppel."

The parties in the cases here are identical but the claims or subjects of action are different. The fact that the subject of action is taxes in each case is immaterial. The rule of collateral estoppel applies where taxes for different years are involved. This we held in the Padilla case and in Albuquerque Broadcasting Co. v. Bureau of Revenue, 54 N.M. 165, 216 P.2d 698. In Paulos v. Janetakos, Ext'r, 46 N.M. 390, 129 P.2d 636, 637, 142 A.L.R. 1237, this court stated:

"As this action and the equity suit have identical parties, but are brought upon different claims or demands, the judgment in the latter operates as an estoppel only as to the questions, points, or matters of fact in issue in that case which were essential to a decision, and upon the determination of which the judgment was rendered.

  *   *   *   *   *   *

"We have stated that a prior judgment in a different cause of action between the same parties operates as an estoppel only as to questions, points or matters of fact in issue in that cause which were essential to a decision, and which were decided in support of the judgment. What is an issue of fact in the sense in which it is used in the decisions of the courts in like cases, is the first question.

"It must be a fact, the determination of which is material, relevant, and necessary to a decision of the case upon its merits (authority). It must not be a fact that comes collaterally or incidentally in question * * *, or one that is not material or essential to a decision, even though put in issue by the pleadings (authority) or evidentiary facts from which the ultimate fact is inferred."

The trial court in Cause No. 12666 attempted to extend the effect of his judgment to the successors of the defendant assessor then in office. The holding of the court (if it can be dignified as such) was to the effect that it had previously held the land grant was exempt from taxation, and thereupon ordered the record expunged, and the assessor, his "successor or successors" enjoined from again assessing the grant's real estate. A number of courts have held that in the absence of a finding of fact specifying the ground of exemption, such judgments do not affect the

taxes for succeeding years. This rule is stated as follows, in an annotation on the question in which many supporting cases are cited, to-wit:

"Generally, where in a proceeding concerning a tax for a particular period a judgment is rendered which determines that the taxpayer or his property is taxable or is exempt from taxation, but is not supported by a finding or findings specifying the grounds or facts upon which the conclusion is reached, such judgment has been held not to settle conclusively the question that the taxpayer or his property is taxable, or exempt from taxation, for a different period not involved in the former proceeding.

\*    \*    \*    \*    \*    \*

"In the opinion of the present writer this result is certainly sound, since the question of taxability or nontaxability, without more, is not a mere incidental or specific question, but the very cause of action adjudicated by the former judgment." 150 A.L.R. 63; 162 A.L.R. 1212.

In Re Breuer's Income Tax, 354 Mo. 578, 190 S.W.2d 248, 250, is a similar case. It is therein stated: "Furthermore, the question herein presented is purely a question of law on the meaning of income in our income tax law. The rule, in this situation, stated by the American Law Institute, is as follows: 'Where a question of law essential to the judgment is actual-ly litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction; and in any event it is not conclusive if injustice would result.' \* \* \* Restatement of Judgments, pp. 324, 325. The tax for each year is a separate and distinct transaction and each action for collection is a different cause of action from those of prior years. It would give one taxpayer an unfair advantage over others, and be unjustly discriminatory, if through inefficiency or neglect of the collecting officers, to appeal an erroneous decision on a question of law, it should be held that he would be relieved for all time from paying taxes all others must pay. We, therefore, hold that the judgment in the 1940 tax abatement proceeding is not res judicata of the question of law herein presented."

We believe that in the absence of any finding of fact of the court in Cause No. 12666 to support the conclusion that the property was exempt from taxation, that the effect of the judgment is limited to the year the taxes were expunged from the record. There was no fact found which it could be said collaterally estops the state from taxing the property for subsequent years.

But aside from this, we are of the opinion that supervening opinions of this court, Board of Trustees, etc., v. Sedillo, Treasurer, 28 N.M. 53, 210 P. 102; and State v. Board of Trustees, 28 N.M. 237, 210 P. 101, decided nearly thirty years ago, holding such property subject to taxation, is such a change in the law since the decision in No. 12666 that its binding force has been destroyed.

This is opposed to the doctrine of res judicata as generally understood, for such judgments are said to be binding whether right or wrong. That is the doctrine in Tait v. Western Maryland Railway Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, and other cases followed in the Padilla case. But the Federal courts have in recent years leaned more toward the doctrine that a subsequent change of the law by statute or supervening decisions by higher or more competent courts, invalidates earlier erroneous decisions in tax cases that would under the old rules result in inequality in taxation.

We cite in support of this doctrine: Blair v. Commissioner of Internal Rev., 300 U.S. 5, 57 S.Ct. 330, 332, 81 L.Ed. 465; State Farm Mutual Ins. Co. v. Duel, 324 U.S. 154, 65 S.Ct. 573, 89 L.Ed. 812; Commissioner of Internal Rev. v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 and Annotation p. 913, and quote from some of them as follows: "* * * That ruling and the reasoning which underlies it apply where in the subsequent proceeding, although relating to a different tax year, the questions presented upon the facts and the law are essentially the same. (Authority.) Here, after the decision in the first proceeding, the opinion and decree of the state court created a new situation. The determination of petitioner's liability for the year 1923 had been rested entirely upon the local law. Commissioner of Internal Revenue v. Blair, 7 Cir., 60 F.2d 340, 342, 344. The supervening decision of the state court interpreting that law in direct relation to this trust cannot justly be ignored in the present proceeding so far as it is found that the local law is determinative of any material point in controversy." Blair v. Commissioner of Int. Rev., supra.

In the Duel case the Supreme Court said: [324 U.S. 154, 65 S.Ct. 577.] "We are advised that appellant has pending in the Wisconsin courts another suit in respect to the license year commencing May 1, 1944. Wisconsin has the familiar rule that though the validity of the law in question might have been determined in an earlier suit, the prior judgment is not res judicata where the second suit is on a different cause of action in absence of evidence to show that the question was actually presented to the court and decided in the

earlier litigation. (Authorities.) But if that principle is inapplicable here it is nevertheless the *general rule that res judicata is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation."* (Our emphasis.)

And in the Sunnen case the court stated: [333 U.S. 591, 68 S.Ct. 720.] "But collateral estoppel is a doctrine capable of being applied so as to avoid an undue disparity in the impact of income tax liability. A taxpayer may secure a judicial determination of a particular tax matter, a matter which may recur without substantial variation for some years thereafter. But a subsequent modification of the significant facts or a change or development in the controlling legal principles may make that determination obsolete or erroneous, at least for future purposes. If such a determination is then perpetuated each succeeding year as to the taxpayer involved in the original litigation, he is accorded a tax treatment different from that given to other taxpayers of the same class. As a result, there are inequalities in the administration of the revenue laws, discriminatory distinctions in tax liability, and a fertile basis for litigious confusion. Compare United States v. Stone & D. Co., 274 U.S. 225, 235, 236, 47 S.Ct. 616, 71 L.

Ed. 1013. Such consequences, however, are neither necessitated nor justified by the principle of collateral estoppel. That principle is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally. It is not meant to create vested rights in decisions that have become obsolete or erroneous with time, thereby causing inequities among taxpayers."

To the same effect is Commissioner of Internal Revenue v. Arundel-Brooks Concrete Corp., 4 Cir., 152 F.2d 225, 162 A.L.R. 1200 and annotations beginning at p. 1204; and Henricksen v. Seward, 9 Cir., 135 F. 2d 986, 150 A.L.R. 1, and annotations beginning at p. 5.

Our conclusions in the Padilla case that are inconsistent herewith are abundantly supported by authority, the weight of authority perhaps, if numbers alone are considered. But we are of the opinion that in tax cases in which public policy should have weight (if not generally), the rule we here adopt is just and eliminates unjust discrimination in the taxing of property. We therefore conclude that in cases between the same parties, involving the question of whether lands are exempt from taxation for *different years,* a prior judgment does not estop the state in the later case:

(1) Unless ultimate facts sufficient to support the conclusion that a *right to exemption* has been litigated and determined by the court, whether such decision was right or wrong, the mere conclusion in a judgment that property is exempt from taxation without a determination of a basis in fact therefor, does not collaterally estop the state as to taxes on the same property in succeeding years. See Leight v. Commissioner of Internal Revenue, 137 F.2d 433.

(2) An owner of property subject to taxation under the Constitution and laws of the State, has no vested right in a decision in which his property was erroneously held exempt from taxation so that it will collaterally estop the state from taxing such property for succeeding years, if a higher or more competent court by an intervening decision, has held that such property is not exempt from taxation. See cases cited on the question.

The opinion in the case of McDonald v. Padilla is disapproved insofar as it conflicts with this opinion.

The judgment of the District Court is in all things affirmed, and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.