Andrew J. EASTER and Mildred P. Easter, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 9602.

United States Court of Appeals Fourth Circuit.

Argued Nov. 16, 1964.

Decided Dec. 1, 1964.

---

Andrew J. Easter, petitioner, pro se.

Norman Sepenuk, Atty., Dept. of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Attys., Dept. of Justice, on brief), for respondent.

Before SOBELOFF, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

We have carefully reviewed the decision of the Tax Court in this matter, and for the reasons set out in its opinion, we affirm.

■ The adjustment of the depreciation basis for the facilities located at

6608 Belair Road, Baltimore, Maryland, was clearly proper, since it is undisputed that the taxpayer himself invested only $28,000 in the buildings on that site. It is elemental that a taxpayer cannot recoup by means of depreciation deductions an investment in a depreciable asset made by a stranger. Detroit Edison Co. v. Commissioner of Internal Revenue, 319 U.S. 98, 102, 63 S.Ct. 902, 87 L.Ed. 1286 (1943); Commissioner of Internal Revenue v. Revere Land Co., 169 F.2d 469 (3 Cir.), cert. denied, 335 U.S. 853, 69 S.Ct. 82, 93 L.Ed. 401 (1948); Commissioner of Internal Revenue v. Arundel-Brooks Concrete Corp., 152 F.2d 225, 162 A.L.R. 1200 (4 Cir. 1945).

■■ There also was no error in the redetermination of the remaining useful life of the other three pieces of property involved in this litigation, for the Tax Court decisions concerning the structures at both 2801 Adams Mill Road in Washington, D. C., and 6420 Belair Road in Baltimore are supported by substantial credible evidence in the record. Regarding the frame house located at 6502 Belair Road in Baltimore, neither the Government nor the taxpayer produced evidence from which a decision could be made as to its reasonable estimated useful life. Since the Commissioner's determination in this regard is presumptively correct and the burden is upon the taxpayer to show error therein, Burka v. Commissioner of Internal Revenue, 179 F.2d 483 (4 Cir. 1950), the Tax Court had no choice but to accept the useful life position contended for by the Commissioner, and we have no choice but to affirm.

■ While it may be somewhat frustrating to the petitioner, the law is nonetheless settled that the acceptance of returns filed by a taxpayer in earlier years and the acquiescence in the taxpayer's depreciation basis and useful life figures contained therein for the purpose of approving tax refunds will not support an estoppel argument or bar the Commissioner's action in correcting a mistake in the taxpayer's prior returns when it

is detected by him within the period of limitations. M. Pauline Casey, 38 T.C. 357, 381 (1962); cf. Caldwell v. Commissioner of Internal Revenue, 202 F.2d 112, 115 (2 Cir. 1953).

Affirmed.