**RADIX ORGANIZATION, INC., and Macy-Cutler International Corp., Plaintiffs-Appellants,**

v.

**MACK TRUCKS, INC., and Mack Trucks Western Hemisphere Trade Corporation, Defendants-Appellees.**

**No. 1051, Docket 79–7133.**

United States Court of Appeals, Second Circuit.

Argued May 14, 1979.

Decided July 5, 1979.

---

Michael A. Lacher, P.C., New York City (Jill C. Lesser, New York City, of counsel), for plaintiffs-appellants.

Jeffrey N. Gordon, New York City (Clearly, Gottlieb, Steen & Hamilton, New York City, George Weisz, New York City, of counsel), for defendants-appellees.

Before OAKES and VAN GRAAFEI-LAND, Circuit Judges, and CARTER, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

On May 5, 1977, appellants commenced this action seeking money damages for appellees' breach of an oral contract. The complaint alleged that on April 1, 1975, "plaintiffs and defendants entered into an agreement whereby at the specific instance and request of the defendants, the plaintiffs undertook to make arrangements for the lease financing of a quantity of motor buses *to be manufactured and sold by defendant to plaintiffs* for the lease-sale by the plaintiffs of the buses to an agency of the municipality of Santo Domingo, the Dominican Republic." (emphasis supplied).[1] This allegation was denied by appellees, who also raised the affirmative defense of the Statute of Frauds. Judge Metzner of the United States District Court for the Southern District of New York granted appellees' motion for summary judgment because of the absence of any contract document satisfying the requirements of the Statute. We affirm.

Section 2–201(1) of the Uniform Commercial Code, adopted by New York in 1962, provides in substance that a contract for the sale of goods for the price of $500.00

or more is not enforceable unless an authorized agent of the defendant has signed a writing indicating the existence of the contract. Appellants do not contend that such a writing exists in this case. They argue instead that, so far as they were concerned, the alleged transaction did not involve a sale within the meaning of the section but only the performance of services. This argument is squarely contradicted by the allegations of the complaint and by appellants' statement of material facts made pursuant to Rule 9(g) of the United States District Court for the Southern District of New York. In their Rule 9(g) statement, appellants assert that they entered into an oral agreement with appellees whereby they were employed to facilitate a transaction between appellees and a municipal authority of Santo Domingo for the sale of buses by appellees to the municipal authority. The statement continues:

> Because the defendants would not finance the transaction themselves, the transaction was to be structured as a sale-lease. Plaintiffs, it was agreed, would obtaining financing for the transaction from a third-party lender and then would act as an intermediary in the sale-lease, purchasing the buses from Mack and leasing them to the municipal authority as a part of defendants' plan to consummate the transaction.

Approximately five months after the alleged making of the oral agreement, appellants formed a Panamanian corporation, Radix-Cutler Leasing, S.A., "as the vehicle for [appellants'] participation in the transaction which is the subject of the complaint herein." (Appellants' Rule 9(g) Statement, ¶ 5). They now assert that the sale covered by the oral contract was to be made to Radix-Cutler, not to them, and that therefore section 2–201(1) is not applicable.[2]

---

\* Hon. Robert L. Carter of the United States District Court for the Southern District of New York, sitting by designation.

1. Appellees were attempting to sell some buses to Santo Domingo, but the deal was in danger of collapsing because Santo Domingo did not want to pay cash and appellees did not want to finance the transaction. After appellants had

made arrangements for outside financing, Santo Domingo decided to pay cash and purchased the buses from appellees' distributor in Venezuela.

2. "The solution plaintiffs devised was to create a new Panamanian corporation, Radix-Cutler, Leasing, S.A. (Radix-Cutler). *Radix-Cutler* would buy the buses from Mack with a loan

This argument does not withstand inspection. As of April 1, 1975, Radix-Cutler, a corporation not yet in existence, could neither contract for itself nor appoint an agent to contract on its behalf. 1 Fletcher, *Cyclopedia of the Law of Private Corporations* § 205 (1974). If an oral contract for the sale of buses was entered into on that date, the parties to the agreement were appellants and appellees.

■ Appellants' argument, made for the first time in this Court, that the alleged oral contract is enforceable under section 2–201(3)(b) is equally without merit. Section 2–201(3)(b) permits enforcement of an oral contract if the defendant admits in his pleading, testimony, or otherwise in court that the contract was made. Appellants contend that appellees made such an admission in their Rule 9(g) statement. Paragraph 10 of that statement begins, "[t]he following facts are alleged by plaintiffs and assumed solely for purposes of this summary judgment motion." There follows a recital of the allegations in paragraphs 6 through 11 and 13 through 15 of appellants' Rule 9(g) statement, including appellants' allegations concerning the making of an oral contract. By this recital, appellees did not admit the making of a contract. They simply repeated appellants' allegations as a predicate for their own defense of the Statute of Frauds. The assertion of that defense would be somewhat meaningless in the absence of an assumed-for-the-argument oral agreement. *See Federal Advertising Agency, Inc. v. Rubber & Celluloid Harness Trimming Co.*, 172 N.Y.S. 186 (App. Term 1st Dep't 1918). In any event, an admission under section 2–201(3)(b) is not enforceable beyond the quantity of goods admitted, and paragraph 10 of appellees Rule 9(g) statement contains no reference whatever to quantity.

■ Pursuing their argument under section 2–201(3)(b), appellants assert that they are entitled to proceed to trial in order that they may attempt to secure from a defense witness an admission that an oral contract was made. Appellants have had ample opportunity for full discovery, and there is no indication that such an admission has been made or is likely to be made. Indeed, appellees' consistent position has been that there was no contract. Appellants' unsubstantiated hope that, if permitted to go to trial, they can turn appellees' denials into admissions is not sufficient to preclude summary judgment. *See Modern Home Institute, Inc. v. Hartford Accident and Indemnity Co.*, 513 F.2d 102, 110 (2d Cir. 1975).

Concluding, as we do, that section 2–201 of the Uniform Commercial Code precludes appellants' recovery, we need not consider Judge Metzner's alternative ground for dismissal, section 5–701(a)(10) of the New York General Obligations Law. That statute requires that contracts to pay compensation for services rendered in negotiating a loan be in writing.

■■ Appellants' final argument for reversal is that appellees are equitably estopped from relying upon the Statute of Frauds because of their alleged unconscionable conduct in inducing appellants to rely on the oral agreement and to incur substantial expense in the consequent belief that a binding commitment had been made. Appellants did not allege estoppel in their pleadings, *see* Fed.R.Civ.P. 8(c), and did not assert it in the district court. We will not reverse a summary judgment on the basis of arguments not presented below unless our failure to do so will result in a possible miscarriage of justice. *Adato v. Kagan*, 599 F.2d 1111, 1116 (2d Cir. 1979); *River Plate and Brazil Conferences v. Pressed Steel Car Co.*, 227 F.2d 60, 63 (2d Cir. 1955). Although appellants have incurred out-of-pocket expenses in their efforts to bring the Santo Domingo deal to fruition, the possibility that a miscarriage of justice will result from affirmance is not sufficiently apparent that it warrants a departure from our established rule. *See Philo Smith &*

obtained for *Radix-Cutler* by the plaintiffs from Manufacturers Hanover Leasing Corporation (Manufacturers). Radix-Cutler would then lease the buses to Santo Domingo." (Appellees' brief at 12).

*Co., Inc. v. Uslife Corp.*, 554 F.2d 34, 36 (2d Cir. 1977).

Affirmed.