563 F.Supp. 1201 (1983)
Melford BERNS, Plaintiff,
v.
Bruce O'DELL, et al., Defendants.
No. 81-1345C(B).
United States District Court, E.D. Missouri, E.D.
May 6, 1983.
*1202 Irl B. Baris, St. Louis, Mo., for plaintiff.
Charles Alan Seigel, John C. Garavaglia, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
REGAN, District Judge.
For determination are the motions of defendants O'Dell, Shaw, Woolsey and Griese for summary judgment. As appears infra, the motions are well taken.
We start from the premise that summary judgment is a harsh remedy which is to be granted sparingly. On a motion therefor, we must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all inferences favorable to him which the record warrants. Unquestionably, the burden is on the movant to establish the absence of a genuine issue as to any material fact with such clarity as to leave no room for controversy. Inasmuch as the remedy of summary judgment has the "salutary purpose of avoiding useless and time-consuming trials" which could result only in a directed verdict for the movant, the remedy is appropriate only if the other party is not entitled to recover under any discernible circumstances.
In his complaint Berns alleges that during the months of September and October, 1979, the defendants as stockbrokers sold him stock in Victoria Station, Inc. on more than two occasions pursuant to a scheme and artifice to defraud him by falsely and fraudulently representing that one or more of the defendants had reliable information of an imminent merger or takeover of said corporation which would result in a substantial increase in the price of its stock; that mail and wire facilities in interstate commerce were used by defendants for the purpose of executing their scheme to defraud; that defendant's said conduct constituted racketeering activity and a pattern of racketeering activity; and that defendants received income directly and indirectly from said pattern of racketeering activity. Treble damages of $3,000,000 and an attorney's fee are sought.
This action is a sequel to one filed in this Court in 1979 by E.F. Hutton & Company, Inc. against Berns and others alleging their failure to pay for the Victoria Station stock, and in which various counterclaims were asserted by Berns and others against Hutton. That case was tried to a jury over a 17 day period, resulting, inter alia, in a verdict and judgment adverse to Berns and the other defendants on their counterclaims. On Berns' appeal, the Court of Appeals affirmed the judgment against him on his counterclaim. See E.F. Hutton & Company, Inc. v. Berns, 682 F.2d 173 (8 Cir.1982) for a review of the facts and the applicable law.
The motions for summary judgment are grounded in large part on the doctrine of collateral estoppel, namely, that Berns is precluded thereby from relitigating certain alleged operative facts essential to a recovery in the actions which had been decided adversely to him in the Hutton suit.
In his counterclaim in Hutton (and as an affirmative defense to Hutton's claims) Berns alleged that he purchased the Victoria Station stock (on margin) relying upon the false and fraudulent representations of Hutton and its employees that Hutton had inside information that Victoria Station, Inc. was being acquired by or merged with another company, as a result of which the value of the stock of Victoria Station would increase and [Berns] would be able to make a substantial profit. The foregoing allegations were submitted by Berns in instructions given to the jury at his request.
O'Dell, Shaw, Woolsey and Griese were all employees of Hutton at the time the stock was purchased. Berns testified that the allegedly fraudulent representations were made by O'Dell and (to some extent) *1203 Shaw.[1] The case was tried and submitted on the premise that Hutton was acting through O'Dell and Shaw in the Victoria Station transactions with Berns, so that Hutton's liability for fraudulent misrepresentations depended upon a finding of wrongdoing by O'Dell and Shaw or either of them.
It is thus apparent that the finding in favor of Hutton on Berns' misrepresentation claims (based on Rule 10b(5) as well as common law fraud) necessarily constituted a finding of non-liability on the part of Hutton's employees had they been named parties.[2] We add that present counsel for Berns was his attorney in the prior Hutton suit.
The doctrine of collateral estoppel precludes a party from relitigating an issue which was actually litigated and determined in a prior suit, whether or not it was based on the same cause of action as the second suit. So, too, it is now well settled that the estoppel need not be mutual where, as here, the party against whom it is urged has fully and fairly (and unsuccessfully) litigated the issue in the earlier suit. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).
It is clear to us that the issue litigated and determined in the prior suit adversely to Berns was whether Hutton, through O'Dell and Shaw, had made the allegedly false and fraudulent representations in reliance on which Berns purchased Victoria Station stock. An affirmative finding on this issue is an essential element of any recovery by Berns in the present action instituted under the purported aegis of Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. §§ 1961 et seq. That the claim could not be actionable under RICO absent proof of additional facts such as the use of the mails or wire facilities in furtherance of the alleged scheme to defraud Berns is irrelevant.
It follows that Berns is collaterally estopped from again litigating the issue of the allegedly false and fraudulent representations. Accordingly, the motions for summary judgment are hereby sustained and judgment will be entered in accordance therewith.
The foregoing ruling suffices for purposes of defendants' entitlement to the remedy of summary judgment. Hence, we do not rule defendants' further contention that Berns' claim is also barred by the doctrine of in pari delicto. So, too, our disposition of the motions on their merits should not be deemed a finding that under the facts alleged therein Berns' suit is authorized by the civil liability provisions of RICO (18 U.S.C. § 1964).[3]
NOTES
[1] Woolsey and Griese shared some of the commissions but were not otherwise involved.
[2] O'Dell was a successful third party defendant on claims by two other defendants in the Hutton action who alleged the making of the identical false and fraudulent representations by O'Dell.
[3] See, for example, Harper v. New Japan Securities International, Inc., 545 F.Supp. 1002, 1006-1008 (D.C.Cal.1982).