Melford BERNS, Appellant,

v.

Bruce O'DELL, Gary Shaw, Tom Woolsey and David Griese, Appellees.

No. 83–1750.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1984.

Decided Feb. 1, 1984.

Irl B. Baris, St. Louis, Mo., for appellant.

Charles Alan Seigel, Jane E. Leonard, Stolar, Heitzmann, Eder, Seigel & Harris, St. Louis, Mo., for appellee Bruce O'Dell.

John C. Garavaglia, Jerome F. Raskas, Raskas, Ruthmeyer, Pomerantz & Wynne, St. Louis, Mo., for appellees Gary Shaw, Tom Woolsey and David Griese.

Before BRIGHT, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Melford Berns appeals from a final order entered in the District Court[1] for the Eastern District of Missouri granting summary judgment in favor of Bruce O'Dell, Gary Shaw, Tom Woolsey, and David Griese. The district court held that a prior adverse judgment, *see E.F. Hutton & Co. v. Berns,* 682 F.2d 173 (8th Cir.1982), collaterally estopped appellant from proceeding with the present suit. *Berns v. O'Dell,* 563 F.Supp. 1201 (E.D.Mo.1983). For the reasons discussed below, we affirm the judgment of the district court.

In the present suit appellant seeks treble damages and attorney's fees from appellees, who were all employees of E.F. Hutton & Co. at the time of the initial stock transactions, for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1964, alleging securities fraud committed by use of wire and mail facilities in interstate commerce constituted a pattern of racketeering activity. The district court found that the present suit involved the same transactions and the same issue of fraud that had formed the basis of appellant's securities fraud counterclaim in the earlier action. The district court stated:

[T]he issue litigated and determined in the prior suit adversely to [appellant here] was whether Hutton, through [appellees] O'Dell and Shaw, had made the allegedly false and fraudulent representations in reliance on which Berns pur-

1. The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri.

chased Victoria Station stock. An affirmative finding on this issue is an essential element of any recovery by [appellant] in the present action instituted under ... [RICO] .... That the claim could not be actionable under RICO absent proof of additional facts such as the use of the mails or wire facilities in furtherance of the alleged scheme to defraud [appellant] is irrelevant.

At 1203. The district court then concluded that appellant was barred by collateral estoppel from further litigating the issue of fraudulent representations in connection with the Victoria Station stock transactions.

We have carefully reviewed appellant's allegations of error and find them without merit. We agree with the district court's collateral estoppel analysis and, accordingly, affirm the judgment of the district court. 8th Cir.R. 14.