John T. DOWD, Helen Dowd, and Intergold Corporation, Plaintiffs-Appellants,

v.

INTERNAL REVENUE SERVICE, Defendant-Appellee.

No. 186, Docket 85–6156.

United States Court of Appeals, Second Circuit.

Argued Oct. 16, 1985.

Decided Nov. 13, 1985.

Richard V. D'Allesandro (Richard V. D'Allesandro, P.C., Albany, N.Y., of counsel), for plaintiffs-appellants.

Glenn L. Archer, Jr. (Michael L. Paup, Richard W. Perkins, Patricia M. Bowman, Tax Div., U.S. Dept. of Justice, Washington, D.C., on brief; Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., of counsel), for defendant-appellee.

Before FRIENDLY, KAUFMAN and PRATT, Circuit Judges.

PER CURIAM:

Appellants John and Helen Dowd and their wholly owned company, the Intergold Corporation, were the subjects of both criminal and civil investigations by the Internal Revenue Service. The criminal investigation ended without action being taken. The civil inquiry, however, resulted in the assessment of deficiencies, which the Dowds are now contesting in a separate action.

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Dowds requested their files from the IRS. A subsequent attempt to locate the files revealed that certain documents—cancelled checks, bank deposit tickets, and affidavits from business associates—were missing and had apparently been destroyed. The Dowds thereupon filed a complaint pursuant to the FOIA and, later, a companion complaint pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a. The two actions were consolidated in the district court.

The Dowds then engaged in extensive discovery, deposing all twelve IRS employees who had personal knowledge concerning the missing records. In the Albany Federal Building, where the documents had been stored, documents to be destroyed were put in cartons marked "Destroy" and stacked in one specific area of the floor. The employee charged with removing the cartons marked for destruction, Francis Goodall, testified he generally did not inspect them. Instead, he merely checked whether the number of cartons placed in the appropriate area tallied with the number his supervisor had directed should be destroyed.

Arguing that the depositions foreclosed any factual dispute, the government moved for summary judgment. After carefully reviewing the record, Judge Miner granted the government's motion and dismissed the two complaints. The Dowds appeal only from the dismissal of the Privacy Act suit.

Essentially for the reasons proffered by the district court, we now affirm.

To prevail in a Privacy Act suit, a plaintiff must prove "the agency acted in a manner which was intentional or willful." 5 U.S.C. § 522a(g)(4). The legislative history describes this standard as "somewhat greater than gross negligence." *Analysis of House and Senate Compromise Amendments to the Federal Privacy Act,* 120 Cong.Rec. 40406, 40882 (1974). In the instant case, however, the district court correctly characterized the agency's actions as negligent. There is no evidence the employees willfully or intentionally violated the strictures of the Privacy Act. *See Albright v. United States,* 732 F.2d 181, 189 (D.C.Cir.1984). Indeed, the appellants failed to demonstrate the IRS had any purpose for destroying these particular files. We find ourselves in agreement with the District of Columbia Circuit, and are unwilling to predicate liability on a finding of mere administrative error. *Perry v. Block,* 684 F.2d 121, 129 (D.C.Cir.1982).

Having correctly resolved the legal question, the district court also properly determined the case presented no issue of material fact. The appellants had deposed every employee with firsthand knowledge of the records, and all uniformly denied ordering the destruction of the records. Judge Miner reasoned that, at trial, the Dowds would be forced to rely solely on negative inferences derived from the demeanor of the witnesses. We have found the vague hope of such negative inferences, standing alone, insufficient to present a triable issue of fact. *Radix Organization, Inc. v. Mack Trucks, Inc.,* 602 F.2d 45, 48 (2d Cir.1979); *Modern Home Institute, Inc. v. Hartford Accident & Indemnity Co.,* 513 F.2d 102, 110 (2d Cir.1975). Therefore, Judge Miner properly granted summary judgment.

In view of this conclusion, we need not consider whether the Dowds would have had any cause of action under the Privacy Act even if the destruction of the records had been intentional.

Accordingly, the judgment of the district court is affirmed.