Altegrace **BAPTISTE,**
**Plaintiff-Appellant,**

v.

**SENNET & KRUMHOLZ, the City of New York and the Sheriff of the City of New York, Defendants-Appellees.**

No. 707, Docket 85–7849.

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1986.

Decided April 18, 1986.

Brian A. Sheridan, New York City, for plaintiff-appellant.

Pamela S. Dolgow, Asst. Corp. Counsel, of the City of N.Y., New York City (Frederick A.O. Schwartz, Jr., Corp. Counsel, of the City of New York, Fay Leoussis, Asst. Corp. Counsel, of the City of N.Y., of counsel), for defendants-appellees City of New York and Sheriff of the City of New York.

D'Amato & Lynch, New York City, for defendant-appellee Sennet & Krumholz.

Before OAKES, WINTER, and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

In this case, plaintiff, acting on her own behalf and seeking to appear on behalf of a class of similarly situated individuals, challenges the legality of actions taken by defendants to encourage payment of judgments representing amounts owed to the City of New York for violations issued by the environmental control board and the parking violations bureau. The district court granted, without opinion, defendants' motion to dismiss the complaint. Because we are unaware of the district court's ground for dismissal and because the complaint appears to state a valid claim under the civil rights law, we reverse the district

court's summary dismissal of the complaint and remand for further proceedings.

## BACKGROUND

Plaintiff, Altegrace Baptiste, is a resident of the City of New York and, according to defendants, a judgment-debtor who owes the city in excess of $500 for environmental control board violations. Plaintiff contends and defendants concede that as part of their efforts to enforce these and other similar judgments, the sheriff of the City of New York has engaged the services of defendant law firm, Sennet & Krumholz ("S & K"). S & K represents to us that pursuant to the authority granted by the sheriff, S & K sends to judgment-debtors certain notices requesting payment of amounts due on outstanding violations. Defendants characterize these collection efforts as a "last chance" notice gratuitously given to judgment-debtors prior to the institution of the statutory collection procedures.

Not particularly thankful for defendants' gratuitous notice of impending doom, plaintiff argues that these extra-statutory notices (1) violate the judgment-debtors' constitutionally protected right to due process of law, (2) constitute deceptive business practices within the meaning of section 349 of the New York General Business Law, and (3) violate S & K's professional obligations imposed by § 487 of the New York Judiciary Law. Plaintiff sought class action certification, compensatory damages, and an injunction prohibiting future use of the notices. In addition, plaintiff contends that defendants' conduct constitutes a pattern of racketeering activity that violates the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (RICO). The RICO claim is presented for the first time on appeal.

Defendants moved in the district court to dismiss the complaint under rule 12 of the Federal Rules of Civil Procedure. The motion was submitted without argument, and four months later the district court granted the motion and dismissed the complaint by endorsing the motion papers "Motion granted. So ordered". There was no opinion or memo accompanying the dismissal, so we do not know which one or ones of the five reasons for dismissal proffered by defendants the district court relied upon.

We reverse and remand.

## DISCUSSION

■ In the absence of some indication of the specific reason for the district court's dismissal, we decline to comb through the many possibilities urged upon the district court to find one that might support its unexplained action. For this reason alone remand would be appropriate. But there are additional deficiencies revealed by the sparse record that impel us to reverse and remand for further proceedings.

■ Although defendants' moved for dismissal under rule 12(b), which is designed to test the sufficiency of the complaint, they attached factual affidavits to their motion papers and seek to rely upon them in their brief on appeal. If the district court was inclined to rely on defendants' affidavits, it was permitted to convert the motion to one for summary judgment under rule 56 of the Federal Rules of Civil Procedure; but before doing so, it was under an obligation to give plaintiff notice of its intention to do so, and an opportunity to respond with appropriate evidence. Fed. R.Civ.P. 12(b); *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir.1983); *Dale v. Hahn*, 440 F.2d 633, 638 (2d Cir.1971). Since no such notice was given, the motion may not be evaluated under rule 56 and the content of defendants' affidavits must be disregarded. *See Maggette*, 709 F.2d at 802; *Dale*, 440 F.2d at 638. Tested by rule 12(b)(6) standards, the complaint sufficiently alleges a cause of action under the civil rights acts.

■ Benefitted by the favorable inferences to which a plaintiff is entitled when faced with a motion to dismiss, *Cruz v. Beto*, 405 U.S. 319, 321–22, 92 S.Ct. 1079, 1081–82, 31 L.Ed.2d 263 (1972) (per curiam), the complaint alleges combined action by the sheriff, the City of New York,

and S & K through which the city has systematically and fraudulently collected "sheriff's fees" to which it is not entitled. Plaintiff argues on appeal that under New York law the sheriff is entitled to no fee (1) if no execution was filed, (2) if an execution was filed but has expired, or (3) if an execution was filed but no actual levy was made by the sheriff. Plaintiff alleges, with permissible inconsistency, *see* Fed.R.Civ.P. 8(a)(3), that all three circumstances apply here. This alleged pattern of joint action by state actors—the city, the sheriff, and the attorneys—who, under threat of a property execution under state law, collect unauthorized sheriff's fees from citizens may be viewed as a deprivation of property under the fourteenth amendment's due process clause and a sufficient basis for a civil rights claim.

The same pattern of activity alleged in the complaint as a civil rights violation may also constitute a pattern of racketeering activity within the meaning of RICO. Plaintiff's RICO claim was not specifically alleged below, and defendants, citing the principle that in the absence of a miscarriage of justice a party is not entitled to assert a new ground for relief for the first time on appeal, *see, e.g., Radix Organization, Inc. v. Mack Trucks, Inc.,* 602 F.2d 45, 48 (2d Cir.1979) argue that the RICO claim should now be barred. While we do not rest our reversal on the availability of a RICO claim, we think that on remand plaintiff should be given the opportunity to amend her complaint to assert such a claim in this action.

Plaintiff has explained that the only reason that the RICO claim was not pled originally was because of plaintiff's inability to meet the prior conviction requirement of this court's holding in *Sedima, S.P.R.L. v. Imrex, Co.,* 741 F.2d 482 (2d Cir.1984), *rev'd,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Since *Sedima* and its prior conviction requirement have now been reversed, plaintiff argues that she should now be allowed to pursue the RICO claim even though it was not asserted in the original complaint.

On the facts before us and especially because this case has not moved past the pleading stage, we think it would be unfair to preclude the plaintiff from asserting in this action a closely related claim that at the time the complaint was filed was clearly barred by a decision that lost its precedential value. Moreover, allowing assertion of plaintiff's RICO claim would not unfairly prejudice or surprise defendants since no more than limited motion practice is all that has occurred. Therefore, without passing on the validity of the claim asserted, we direct the district court to permit amendment of the complaint to add a RICO claim to the other claims asserted below.

### CONCLUSION

Before the merits of plaintiff's claims can be properly assessed, further proceedings are necessary to develop the factual picture. We therefore reverse the district court's dismissal of the complaint and remand the case for further proceedings. We do not pass on the RICO aspect of the case except to direct the district court, before taking any further proceedings, to permit plaintiff to file an amended complaint including a RICO cause of action.