Hubert Alle **SCHAAFSMA** and
Maria **Schaafsma**

v.

Richard A. **MARRINER.**

Civ. A. No. 85–300.

United States District Court,
D. Vermont.

May 8, 1986.

Robert B. Hemley, Gravel & Shea, Burlington, Vt., for plaintiff.

R. Scott McClain, McClain, Morgan & Savoy, Lake Charles, La., Thomas P. Salmon, Salmon & Nostrand, Bellows Falls, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

On February 23, 1986, defendant Richard A. Marriner ("defendant") filed with this Court a motion to dismiss the complaint of plaintiffs Hubert Alle Schaafsma and Maria Schaafsma ("plaintiffs"). On April 2, 1986 and April 24, 1986, plaintiffs filed timely opposition to the motion. On April 21, 1986, defendant filed a reply brief. For the reasons recited below, the motion is DENIED.

## BACKGROUND

Plaintiffs commenced this action on November 26, 1985. This action, hereinafter referred to as *Schaafsma* II, followed an earlier decision in a related case, *Schaafsma v. Morin Vermont Corporation,* Docket No. 83–254 (D.Vt.1985), hereinafter referred to as *Schaafsma* I. Both cases arose out of the same fact pattern. In brief summary, the cases involve a 1981 sale of northern Vermont land. Plaintiffs purchased the land in question from the Lamoille Realty Corpora-

tion of which defendant was a director. The allegations in *Schaafsma* I consisted of common law actions of recission and misrepresentation, securities violations, Vermont statutory law violations and an action under the Racketeer Influenced and Corrupt Organization Act ("RICO"). The RICO action was dismissed voluntarily by plaintiffs shortly before trial in light of the Second Circuit Court of Appeals decision in *Sedima, S.P.R.L. v. Imex Co. Inc.,* 741 F.2d 482 (2d Cir.1984), *rev'd,* — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Thus, there was no final judgment rendered on the RICO claim in *Schaafsma* I. *Schaafsma* I concluded in this Court with a jury verdict for plaintiffs against two of the five defendants. The defendant in this case was found not liable to plaintiffs on any count in *Schaafsma* I.

The present action is a one-count action reasserting the RICO claim which had been withdrawn in *Schaafsma* I. The parties concede that this action involves principally the same facts and evidence as *Schaafsma* I and for the most part minimal discovery is required in preparing for *Schaafsma* II.

Defendant brings his motion to dismiss on grounds that *Schaafsma* II is barred by res judicata and collateral estoppel. Plaintiffs oppose the motion arguing that these theories do not apply in this case.

## DISCUSSION

■ Defendant may raise the affirmative defenses of res judicata and collateral estoppel in a motion to dismiss. *See Miller v. Indiana Hospital,* 562 F.Supp. 1259 (D.C.Pa.1983). Moreover, the Court may treat the motion to dismiss as a motion for summary judgment. *See Moore's Federal Practice* ¶ 0.408(1) p. 952 (2d Ed.1974). The Court does treat the motion of defendant as a motion for summary judgment since defendant has asked the court to go beyond the pleadings of *Schaafsma* II to decide his motion. *See* Fed.R.Civ.P. 12(b)(6).

The facts before the Court are not in dispute and the parties concur generally in

the law of res judicata and collateral estoppel. The sole issue for the Court is to apply the doctrines.

### 1. *Res Judicata*

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979).

■ Res judicata is an obvious issue in *Schaafsma* II because both parties to this action were parties in *Schaafsma* I. Additionally, the recent trend in the courts is to look beyond the specific causes of actions brought in the earlier suit to apply a transactional analysis giving "weight to such considerations as whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding of usage." Restatement (Second) of Judgments § 24 (1982). Here it is conceded that the facts underlying *Schaafsma* I and *Schaafsma* II are the same.

■ However, res judicata presumes an earlier opportunity to litigate the issues raised in the second suit. *See Nevada v. United States* 463 U.S. 110, 131, 103 S.Ct. 2906, 2919, 77 L.Ed.2d 509 (1982); *see also Moore's Federal Practice* ¶ 0.410[2] p. 368 (2d Ed.1974) ("the rule as to splitting causes applied only to claims 'then capable of recovery in the first action' ") (quoting

*United States v. Pan-American Petroleum Co.*, 55 F.2d 753 (9th Cir.1932)); *Ross v. International Brotherhood of Electrical Workers*, 634 F.2d 453, 459 (9th Cir.1980). Here, plaintiffs brought their RICO suit in *Schaafsma* I, but withdrew it before trial in the face of clear adverse law in the Second Circuit under *Sedima* regarding the requirements for a RICO claim of two predicate convictions and a racketeering injury. *Sedima*, 741 F.2d at 495–496. The parties agree that the Second Circuit law at the time of *Schaafsma* I clearly prevented plaintiffs recovery on their RICO claim. The Court holds that plaintiffs did not have an opportunity to litigate the RICO claim in *Schaafsma* I in light of existing Second Circuit law. Since plaintiffs preserved their RICO claim by withdrawing it before trial they are not barred from litigating it in *Schaafsma* II.[1]

Even assuming an adequate opportunity to litigate the RICO claim in *Schaafsma* I, the recent Supreme Court decision in *Sedima v. S.P.R.L. v. Imrex Co. Inc.*, — U.S. ——, 105 S.Ct. 3275, 3282–3285, 87 L.Ed.2d 346 (1985), defining the threshold requirements of a RICO action, constitutes a substantial 'intervening change' in the applicable law which convinces the Court in this case not to apply the res judicata doctrine.[2] "[T]he general rule [is] that *res judicata* is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation." *State Farm Ins. Co. v. Duel*, 324 U.S. 154, 162, 65 S.Ct. 573, 577, 89 L.Ed. 812, *reh'g denied* 324 U.S. 887, 65 S.Ct. 856, 89 L.Ed. 1436 (1944); *see also Jackson v. DeSoto Parish School Bd.*, 585 F.2d 726, 729 (5th Cir.1978). ("[I]t has long been established that res judicata is no defense where between the first and second suits, there has been an intervening change in the law or

---

1. Defendant argues that plaintiffs voluntary withdrawal before trial of the RICO claim did not preserve it because Fed.R.Civ.P. 41(a) requires that the entire action, not just one claim, be voluntarily dismissed. Defendant overlooks the Court's action in its proper light as an approval of plaintiffs' amendment of the pleadings to dismiss one claim pursuant to Fed.R.Civ.P. 15(a).

2. All of the parties agree that the Supreme Court decision in *Sedima* rejected the requirements for a RICO claim established by the Second Circuit.

modification of significant facts creating new legal conditions.")

Defendant cites an 11th Circuit Court of Appeals case in support of his position that res judicata applies in this case even with the substantial change in the law. In *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1504 (11th Cir.1984), the court held that an intervening change in the law precludes the res judicata effect of an earlier decision only if the case "involved momentus changes in important fundamental constitutional rights." Defendant contends there is no such momentus change here.

However, defendant overlooks the case law denying application of res judicata because of a supervening change in the law with non-constitutional issues. *See Blair v. Commissioner*, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465 (1937) (supervening change in tax law precluded res judicata effect of earlier decision); *Commissioner of Int. Rev. v. Arundel-Brooks Concrete Corp.*, 152 F.2d 225 (4th Cir.1945) (supervening decision stating new tax rule prevented application of res judicata). Further, this circuit has held that RICO claims are grounded in important federal policies and have important public interests at stake. *See McMahon v. Shearson/American Express Inc.*, 788 F.2d 94 (2d Cir.1986) (RICO claim not arbitrable because of important federal policies inherent in the enforcement of RICO claims by the federal courts); *S.A. Mineracao Da Trindade-Samitri v. Utah Intern*, 576 F.Supp. 566 (S.D.N.Y.1983) (important public interest in RICO enforcement makes arbitration inappropriate). The Court holds that enforcement of this RICO claim presents a significant policy interest which should be heard given the intervening change in the law.

Finally, the Court notes that one of the policies behind the doctrine of res judicata is "to prevent the splitting of a single cause of action and the use of several grounds for recovery under the same action as the basis for separate suits." *Moore's Federal Practice*, ¶ 0.410[2] p. 363-364 (2d Ed.1974). This policy is not furthered by applying the res judicata doctrine here. Plaintiffs initially sought recovery on the RICO claim in *Schaafsma* I and withdrew that claim only after concluding the Second Circuit law was clearly against them. Now that the Second Circuit law on RICO claims has changed with the Supreme Court decision in *Sedima*, plaintiffs seek to reassert the RICO claim. Since plaintiffs have brought this action solely as a result of the change in the Second Circuit RICO law, the policy behind the res judicata doctrine of deterring plaintiffs from purposefully splitting causes of action has little applicability in this case. The Court holds that res judicata does not bar this action.

### 2. Collateral Estoppel

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "To determine the appropriate application of collateral estoppel in the instant case necessitates three further inquiries: first, whether the issues presented by the litigation are in substance the same as those resolved [in the first case]; second, whether controlling facts or legal principles have changed significantly since the [earlier] judgment; and finally, whether other special circumstances warrant an exception to the normal rules of preclusion." *Id.* at 155, 99 S.Ct. at 974.

Plaintiffs argue that the issues presented in this case were not resolved in *Schaafsma* I and therefore, are not barred by collateral estoppel. "In the prior action, the issue must have been raised and litigated and actually adjudged." *Moore's Federal Practice*, ¶ 0.443(1) p. 7509 (2d Ed.1974). Specifically, plaintiffs contend that the predicate acts in their RICO claim were not decided in *Schaafsma* I.

Plaintiffs' RICO claim in *Schaafsma* II alleges three separate racketeering activi-

ties—mail fraud, wire fraud and securities violations.[3] The mail fraud and wire fraud allegations involve violations of federal criminal law which were not at issue in *Schaafsma* I. The jury in *Schaafsma* I did consider the alleged federal securities violations of defendant and found the transaction to be "in essence" a land transaction, not a security transaction. However, plaintiffs argue that the jury determination that the transaction was not "in essence" a security transaction does not bar relitigation of the predicate securities violations in this action. The Court need not decide whether *Schaafsma* I precludes plaintiffs from proving the predicate acts of federal securities violations in their RICO claim because the considerations detailed below weigh clearly against barring this action under collateral estoppel.

Defendant argues that *Berns v. O'Dell*, 563 F.Supp. 1201 (E.D.Mo.1983) controls this Court's application of collateral estoppel. *Berns* involved a client of E.F. Hutton, who had unsuccessfully charged E.F. Hutton with fraudulent representations in an earlier action and brought a subsequent misrepresentation action based on the same facts against a few E.F. Hutton employees individually. *Id.* at 1202–1203. The Court in *Berns* held that the resolution of the first case precluded relitigating the question of misrepresentation by the individual E.F. Hutton employees. *Id.* at 1203. *Berns* is not controlling here because *Berns* involved collateral estoppel of issues litigated and resolved in the earlier action. In the case before this Court facts supporting plaintiffs' RICO claim were not litigated and resolved in *Schaafsma* I.

■ Turning to the legal atmosphere surrounding *Schaafsma* I and *Schaafsma* II, there has clearly been a significant change in legal principles between the two cases. No party disputes the fact the Supreme Court decision in *Sedima* overruled the Second Circuit law in existence at the

time of *Schaafsma* I. "As demonstrated by *Blair v. Commissioner*, 300 U.S. 5, 9, [57 S.Ct. 330, 331, 81 L.Ed. 465] a judicial declaration intervening between the two proceedings may so change the legal atmosphere as to render the rule of collateral estoppel inapplicable ... the supervening decisions cannot justly be ignored by blind reliance upon the rule of collateral estoppel." *Commissioner v. Sunnen* 333 U.S. 591, 600, 68 S.Ct. 715, 720, 92 L.Ed. 898 (1947). The significant supervening change in legal atmosphere pursuant to the Supreme Court's decision in *Sedima* convinces the Court that collateral estoppel should not apply to preclude the RICO claim of plaintiffs. *See Staten Island Rapid Transit Op. Auth. v. I.C.C.*, 718 F.2d 533, 543 (2d Cir.1983) (intervening I.C.C. decision made collateral estoppel inappropriate); Restatement (Second) of Judgment § 28(3)(h) (1980) (issue preclusion is not conclusive if "a new determination is warranted in order to take account of an intervening change in the applicable legal context"). This decision is in keeping with recent Second Circuit case law reflecting a concern about the preclusive effect of this circuit's earlier RICO law which subsequently lost its precedential value. *See Baptiste v. Sennett & Krumholz*, 788 F.2d 910 (2d Cir.1986) (amendment of pleading to assert RICO claim permitted on appeal in light of change in RICO law).

Further, the Court finds that special circumstances call for the Court to deny collateral estoppel in *Schaafsma* II. Plaintiffs have been diligent in their attempts to bring the RICO claim. Having pursued the claim in *Schaafsma* I, withdrawing it only when the Second Circuit law clearly did not support it, plaintiffs wasted little time pursuing this claim after the Supreme Court ruling in *Sedima*. Plaintiffs have attempted to avoid multiple suits and waste of judicial resources. Finally, the enforcement of RICO claims is a significant policy concern which should be heard. *See*

---

**3.** Under 18 U.S.C. § 1961 a pattern of racketeering activity is two predicate acts of a racketeering activity. A racketeering activity includes violations of certain federal criminal statutes, including the mail and wire fraud laws, and of the antifraud provisions of the federal securities laws.

*McMahon v. Shearson/American Express, Inc.*, 788 F.2d 94 (2d Cir.1986). The Court finds that collateral estoppel does not bar the RICO claim of plaintiffs. The Court cites in support of this decision the lack of issue preclusion of all predicate acts alleged in this RICO claim, the supervening change in the law and the special circumstances of this case.

## CONCLUSION

Defendant's motion is DENIED. Neither res judicata nor collateral estoppel bars plaintiffs from pursuing this action.

SO ORDERED.