833 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James CAMPBELL; Virginia Campbell; and Jeffrey Campbell,
Plaintiffs- Appellants,
v.
SHEARSON/LEHMAN/AMERICAN EXPRESS, INC. and Gary Morgan,
jointly and severally, Defendants-Appellees.
 No. 86-1351.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1987.
 
 Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The issue in this case is whether the plaintiffs are precluded by res judicata principles from bringing an action against the defendants under RICO, 18 U.S.C. Sec. 1961 et seq., based on essentially the same allegations which plaintiffs relied upon in an earlier successful action against the same defendants in which the plaintiffs were awarded damages under federal security laws and statutory and common law of the State of Michigan. The defendants filed a motion to dismiss the present action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, which the district court granted, holding that the second action was barred by res judicata. The district court concluded that the RICO action sought to remedy exactly the same wrongs addressed in the securities law action and that the court would have had jurisdiction over the RICO claims if they had been asserted along with the securities claims. The appeal is before this court on the district court record and briefs of the parties, oral argument having been waived by joint stipulation.
 
 
 2
 The principal argument of plaintiffs on appeal is that res judicata should not apply because of an intervening change in law between the judgment in the securities case and the filing of the RICO action. They refer to the decision of the Supreme Court of the United States in Sedima, SPRL v. Imrex Co., 473 U.S. 479 (1985). In Sedima the Supreme Court clarified the requirements of a private action under 18 U.S.C. Sec. 1964(c), reversing a court of appeals decision that had read the requirements for such an action more restrictively. The plaintiffs argue that a final judgment based on an accepted rule of law that is subsequently changed does not preclude a new action based on the newly-announced rule of law. Plaintiffs point to Schaafsma v. Marriner, 634 F.Supp. 812 (D.Vt.1986), for support. This case is distinguishable because the plaintiffs in Schaafsma included a RICO claim in their original action, but voluntarily dismissed the claim before trial because the court of appeals for the circuit in which their district court action was to be tried had ruled in Sedima that the acts of the defendants for which they sought recovery would not satisfy the requirements for establishing a private right of recovery under RICO. The plaintiffs in the present action did not include a RICO count in their original action against these defendants.
 
 
 3
 The doctrine of res judicata has been fully developed and was succinctly stated by the Supreme Court in Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981):
 
 
 4
 A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.
 
 
 5
 (Citations omitted).
 
 
 6
 The second action by the present plaintiffs, seeking recovery of treble damages under RICO, was based on the same facts underlying their earlier securities act claims against the same defendants. Only the theory of recovery was different. In Cemer v. Marathon Oil Co., 583 F.2d 830, 832 (6th Cir.1978), this court wrote:
 
 
 7
 Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.
 
 
 8
 (Citations omitted). The plaintiffs suffered a single injury--loss of money invested with the defendants--and the only difference between the first and second lawsuits is that they are based on different legal theories. The second suit seeks to add to the recovery in the first action since RICO provides for treble damages.
 
 
 9
 The law of this circuit does not support the plaintiffs' argument that an intervening change in law makes application of res judicata improper. In Harrington v. Vandalia-Butler Board of Education, 649 F.2d 434, 437 (6th Cir.1981), this court stated that a second action based on the same alleged conduct of the defendants as an earlier action is barred "even if an intervening decision effects a change in the law which bears directly on the legal theory advanced in the second suit." In Harrington this court relied on the decision of the Supreme Court in Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371 (1940), where it was pointed out that the plaintiffs could have raised the omitted issue in their first action and challenged the correctness of existing law. Thus, RICO was not "unavailable" to the plaintiffs in this case when they filed their first action against the defendants. Indeed, they were free to challenge the restrictive view of RICO announced by the Second Circuit in Sedima, which had not been adopted in this circuit.
 
 
 10
 Upon consideration of the entire record, the court concludes that the district court correctly granted the defendants' motion to dismiss this action on res judicata grounds.
 
 
 11
 The judgment of the district court is affirmed.