CHARLES F. DAIGLE AND LINDA A. DAIGLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Daigle v. Commissioner
Docket No. 20512-85.
United States Tax Court
T.C. Memo 1986-558; 1986 Tax Ct. Memo LEXIS 53; 52 T.C.M. (CCH) 1054; T.C.M. (RIA) 86558; November 20, 1986. Charles F. Daigle, pro se. Michael A. Urban, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub.L. 99-514, section 1556, 100 Stat.    ) of the Code [1] and Rules 180, 181, and 182. Respondent issued separate notices of deficiency determining identical deficiencies in Federal income tax and additions to tax against each petitioner for 1980 as follows: [2] *55 Additions to Tax
Section
Section
Section
Deficiency
6651(a)(1)
6653(a)
6654
$3,794.00
$315.28
$189.70
$39.94
The threshhold issue is whether the statute of limitations on assessment for 1980 expired prior to issuance of the notices of deficiency. If the notices of deficiency were issued timely, secondary issues arise as to whether petitioners are entitled to itemized deductions in excess of the zero bracket amount allowed by respondent and whether petitioners are liable for the additions to tax. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was alleged to be Pasadena, Texas. For the year 1980, petitioners filed, on or before April 15, 1981, a purported Form 1040, U.S. Individual Income Tax Return, as a return. On this return, petitioners reported their income, except *56 omitted one item of interest income of $75, and claimed itemized deductions of $25,667. Included among these deductions was a contribution of $17,793 to the Universal Life Church. On the signature line of the return, the words "Under penalties of perjury" were crossed out. The notices of deficiency were issued by respondent more than three years after April 15, 1981. Respondent determined that the purported return filed by petitioners did not constitute a return. In the notices of deficiency, respondent redetermined petitioners' income tax liability by treating each petitioner as a married individual filing separately. [3]
OPINION In general, respondent must assess tax within three years after the filing of a return. Section 6501(a). However, in the case of failure to file a return, no statute of limitations exists and respondent may assess tax at any time. Section 6501(c)(3). Section 6061 states that: any return, statement, or other document *57 required to be made under any provision of the Internal Revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary. More importantly, section 6065 provides that: Except as otherwise provided by the Secretary, any return, declaration, statement or other document required to be made under any provision of the internal revenue laws or regulation shall contain or be verified by a written declaration that is made under the penalties of perjury. [Emphasis supplied.] See also section 1.6065-1(a), Income Tax Regs.
The failure to sign forms in accordance with section 6065 is the equivalent of the failure to file returns required by other sections of the Internal Revenue Code. [4]United States v. Moore,627 F.2d 830, 834 (7th Cir. 1980); Beard v. Commissioner,82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986); Cupp v. Commissioner,65 T.C. 68, 78-79 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Under section 6065, petitioners failed to file a return. Modification of printed forms, especially striking out the statement *58 that the form was signed under penalty of perjury, invalidates an otherwise valid return and results in a failure to file. Under section 6501(c)(3), respondent's notices of deficiency were thus timely as to petitioners' 1980 tax year. Petitioners deny that they or the individual who prepared their 1980 return crossed out the jurat and had no knowledge the jurat had been crossed out. Petitioners also contend, and respondent acknowledges, that a refund was paid to them based on the purported return. Petitioners argue that respondent obviously treated the document as a valid return and, therefore, the statute of limitations commenced running as a result of the filing. Whether or not petitioners had knowledge of the crossed-out jurat, or authorized the alteration, is a question of fact on which petitioners bore the burden of proof. Rule 142(a). Petitioners produced no evidence other than the uncorroborated testimony of petitioner Charles F. Daigle that the document had not been altered at the time they signed it. The fact remains that *59 an altered document was in fact filed with respondent and, absent any other evidence to the contrary, petitioners are held to the legal effect of the document filed by them. Respondent's action in refunding taxes based on an invalid return does not make the document a valid return. While respondent's action in making the refund is inconsistent with the position asserted in the notices of deficiency, inconsistent positions by respondent do not preclude respondent from changing his position. In Coors v. Commissioner,60 T.C. 368, 406 (1973), affd. 519 F.2d 1280 (10th Cir. 1975), this Court held that prior administrative determinations by respondent as to the same taxpayer did not preclude respondent from making a contrary determination for a different year. Similarly, respondent is not estopped from asserting a position, even though respondent failed to object to similar circumstances in prior years. Easter v. Commissioner,338 F.2d 968 (4th Cir. 1964), affg. per curiam a Memorandum Opinion of this Court; Caldwell v. Commissioner,202 F.2d 112 (2d Cir. 1953), affg. a Memorandum Opinion of this Court; Rose v. Commissioner,55 T.C. 28, 32 (1970). *60 Also, respondent is not bound by the erroneous application of the law by agents of the Internal Revenue Service. Cf. Estate of Emerson v. Commissioner,67 T.C. 612, 617-618 (1977). We, therefore, dismiss petitioners' contention that the refund of taxes validated the document filed by them as their 1980 return. The notices of deficiency, therefore, were not barred by the statute of limitations. As such, the determinations by respondent are presumed correct, and the burden of proof to show that the determinations were wrong is on petitioners. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners produced no evidence to substantiate their entitlement to itemized deductions. The deficiencies in income tax based upon the exclusion of their itemized deductions are, therefore, sustained. Petitioners bore the burden of proof with respect to the additions to tax under sections 6651(a)(1), 6653(a), and 6654. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Section 6651(a)(1) applies where no return is filed or where the return is not filed timely. Section 6653(a) applies where any part of an underpayment of tax is due *61 to a negligent or intentional disregard of rules and regulations, and section 6654(a) applies where there is an underpayment of estimated tax. Since no return was filed by petitioners for 1980, and no valid reason was advanced for the failure to properly file, the additions to tax under sections 6651(a)(1) and 6653(a) are sustained. The addition to tax under section 6654(a) is mandatory once a deficiency is established unless petitioners can bring themselves within certain exceptions not here applicable. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Accordingly, this addition to tax is also sustained. For 1980, therefore, respondent's determinations against petitioners are sustained. However, in order to effect the settlement as to petitioners' 1981 tax year, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; and all Rule references are to the Tax court Rules of Practice and Procedure.↩
2. Separate notices of deficiency were also issued for 1981, which petitioners also challenged in this proceeding. However, prior to trial, all issues relating to 1981 were settled.↩
3. In calculating the tax, respondent used the Tax Tables instead of the Tax Rate Schedules. In this manner, respondent indirectly disallowed the excess itemized deductions claimed by petitioners on their purported return.↩
4. See also Schroeder v. Commissioner,T.C. Memo. 1986-467; Schroeder v. Commissioner,T.C. Memo. 1986-337↩.