T.C. Summary Opinion 2009-181

UNITED STATES TAX COURT

SCOTT A. AND SELINA R. MCCLURE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14086-08S.                    Filed December 1, 2009.

Scott A. and Selina R. McClure, pro se.

<u>Richard J. Hassebrock</u>, for respondent.

THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

------

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $2,485 deficiency in petitioners' 2006 Federal income tax. After concessions, the sole issue for decision is whether petitioners are entitled to claim dependency exemption deductions for two children of Scott McClure (petitioner) by a previous marriage.[2] When they petitioned the Court, petitioners resided in West Virginia.

## Background

In 1992 petitioner divorced Deanna Mason McClure. The final divorce order awarded custody of their two young children to her and provided that petitioner would "have the benefit of the personal exemptions for the children on state and federal income taxes." The final order is not signed by petitioner or his former wife but is signed by their attorneys.

Throughout 2006 petitioner's former wife was the custodial parent of both children. On their joint 2006 Federal income tax return petitioners claimed dependency exemption deductions for the two children. Petitioners did not attach to their return Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. Respondent disallowed the dependency exemption deductions.

---

[2]Respondent concedes that petitioners are entitled to a dependency exemption deduction for their granddaughter and are entitled to a child tax credit for 2006.

## Discussion

A taxpayer may claim a dependency exemption deduction for each dependent. Sec. 151(c). A divorced, noncustodial parent may claim a dependency exemption deduction for a child if certain conditions are met. One condition is that the custodial parent must sign a written declaration that he or she will not claim the child as a dependent; the noncustodial parent must attach the written declaration to his or her return on which the child is claimed as a dependent. Sec. 152(e)(2). The custodial parent must make the written declaration "in such manner and form as the Secretary may by regulations prescribe". Id.

The regulations provide that the custodial parent may make the required declaration on Form 8332 or in another document that conforms to its substance. Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Form 8332 requires, among other things, the signature of the custodial parent confirming his or her consent to releasing the dependency exemption to the noncustodial parent.

Petitioners do not dispute that they attached no Form 8332 to their 2006 return. They contend, however, that they attached a copy of the final divorce order to their return. The record is unclear on this point. In any event, the final divorce order does not conform to the substance of Form 8332 as required by the applicable regulations.

In Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002), this Court held that the requirements of section 152(e)(2) were not met by the taxpayer's attaching to his return portions of divorce orders that were not signed by the custodial parent but were instead signed by her attorney and then only as to "form". Id. at 192-193. The Court stated: "Satisfying the signature requirement is critical to the successful release of the dependency exemption within the meaning of section 152(e)(2)." Id. at 190.

Unlike the attorney's signature in Miller, the signature of Deanna Mason McClure's attorney on the final divorce order was not qualified as indicating approval only as to form. We do not believe, however, that this circumstance provides petitioners any greater relief. Form 8332 would have required Deanna Mason McClure's signature affirmatively indicating her consent to release the dependency exemption to petitioner.[3] Without her

---

[3]We need not and do not reach the question of whether a Form 8332 could be validly executed on behalf of a custodial parent by an attorney who was authorized to represent the custodial parent with respect to Federal income tax matters. There is no indication in the record that the attorney who signed the final divorce order on Mrs. McClure's behalf was authorized to represent Mrs. McClure with respect to her Federal income taxes.

signature, the final divorce order does not conform to the substance of Form 8332, as required by the regulations.[4]

Petitioners rely upon instructions in Publication 501, Exemptions, Standard Deduction, and Filing Information, for use in preparing their 2006 return. Those instructions are consistent with our holding. The instructions indicate, at p. 11, that for tax year 2006 the noncustodial parent could satisfy the requirements of section 152(e) by attaching to his or her tax return, in lieu of a Form 8332, certain pages of a divorce decree or separation agreement made after 1984. The instructions specify, however, that the noncustodial parent must attach all relevant pages of the divorce decree or separation agreement, including "The signature page with the other parent's signature".[5]

---

[4]We note that an earlier, short-lived statutory amendment might have provided petitioners relief. Specifically, sec. 201 of the Working Families Tax Relief Act of 2004, Pub. L. 108-311, 118 Stat. 1173, amended sec. 152(e)(2), effective for tax years beginning after Dec. 31, 2004, to allow a divorced noncustodial parent to claim his or her child as a dependent if a decree of divorce or separate maintenance or written separation agreement between the parents provided that the noncustodial parent would be entitled to any deduction allowable under sec. 151. This provision was retroactively eliminated by a subsequent "technical correction", effective for tax years beginning after Dec. 31, 2004. See Gulf Opportunity Zone Act of 2005, Pub. L. 109-135, sec. 404, 119 Stat. 2632.

[5]Although not applicable to the case before us, final regulations provide that to satisfy the requirements of sec. 152(e): "A court order or decree or a separation agreement may not serve as a written declaration." Sec. 1.152-4(e)(1)(ii),

(continued...)

Petitioners suggest that because they were allowed dependency exemption deductions for petitioner's children for earlier tax years, they should also be allowed the deductions for 2006.  The record is vague as to what happened in earlier years, but the law is clear that respondent's allowing the deductions in earlier years does not estop him from denying them for 2006.  See Easter v. Commissioner, 338 F.2d 968 (4th Cir. 1964), affg. T.C. Memo. 1964-58.

To reflect the foregoing and respondent's concessions,

Decision will be entered under Rule 155.

---

[5](...continued)
Income Tax Regs.  These final regulations apply to taxable years beginning after July 2, 2008.  Sec. 1.152-4(h), Income Tax Regs.