RICHARD and JEANE BARRET, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barret v. Commissioner
Docket No. 3085-79.
United States Tax Court
T.C. Memo 1980-5; 1980 Tax Ct. Memo LEXIS 577; 39 T.C.M. (CCH) 844; T.C.M. (RIA) 80005; January 14, 1980, Filed Richard Barret, pro se. Alan J. Pinner, for the respondent. DAWSON
*578 MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rule 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $215. The only issues for decision are: (1) Whether petitioners are entitled to a deduction of $663 for a contribution to an individual retirement account (IRA) of petitioner Jeane Barret (hereinafter referred to as petitioner), under section 219; and (2) whether petitioners are liable *579 for an excise tax of six percent for an "excess contribution" to an IRA, under section 4973. In the statutory notice of deficiency, the respondent determined that excise tax was due in the amount of $40. FINDINGS OF FACT Most of the facts in this case were stipulated by the parties. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners filed a timely Federal joint income tax return for the year 1975. At the time the petition herein was filed, they resided at 1850 Midvale Avenue, Unit 14, Westwood, California. From May 1974 through October 1975, petitioner was employed by Playboy Productions, Inc. For the rest of the year 1975, she was employed by National Broadcasting Company, Inc. While employed by Playboy Productions, Inc., petitioner was covered by a qualified employee profit sharing plan, a plan described in section 401(a). The Playboy Employee Profit Sharing Plan is maintained on the basis of a fiscal year ending June 30th of each year. On June 30, 1975, petitioner received a distribution of forfeitures to her Playboy profit sharing account in the amount of $13.99. Petitioner set up an individual *580 retirement account in November 1975, to which she contributed $1,500 during the taxable year 1975. On their 1975 Federal income tax return, the petitioners deducted $663 from gross income based upon petitioner's contributions to her individual retirement account. This deduction was computed on the basis of 15 percent of the compensation of $4,423.10 that she received in 1975 at National Broadcasting Company, Inc., where she was not covered by a qualified pension plan. OPINION The respondent contends that, in 1975, the petitioner was an active participant in a plan described in section 401(a) and was, thus, not entitled to a deduction for a contribution to an IRA.We agree. Section 219(b)(2)(A)(i) provides that no deduction for contributions to an individual retirement account will be allowed to any individual for a taxable year, if for any part of such year he was an active participant in a plan described in section 401(a). During poart of the year 1975, petitioner was an "active participant" in the Playboy profit sharing plan, a plan described in section 401(a), under the statute as construed by this Court. Orzechowski v. Commissioner,69 T.C. 750 (1978), *581 affd. 592 F.2d 677 (2d Cir. 1979). Therefore, she is not entitled to a deduction for the contribution made to the IRA in 1975. In written arguments filed with the Court, the petitioners contend that the respondent is seeking "to enforce arbitrary and capricious regulations with respect to the eligibility of earnings applicable to the Individual Retirement Account provisions of the Internal Revenue Code." The complaint of the petitioners is misdirected. The allowance of the deduction in question is not prevented by regulations proposed or adopted by the Commissioner of Internal Revenue or the Treasury Department, but by the sttute enacted by the Congress itself. As pointed out above, section 219(b)(2) of the Internal Revenue Code is very specific in providing that no deduction is allowed for an individual for the taxable year, if for anypartofsuchyear he was an active participant in a qualified employee profit sharing plan. If it is the petitioners' intent to argue that the classification created by section 219(b)(2) of the Code has no rational relationship to the purpose of the legislation, then that proposition has *582 been effectively answered in the case of Guest v. Commissioner,72 T.C. No. 67 (1979). There, it was held that the classification created by section 219(b)(2) does not constitute a denial of equal protection of the laws and does not violate the due process clause of the Fifth Amendment to the Constitution of the United States. Section 4973 imposes an exercise tax of six percent on any "excess contributions" made during the taxable year to an IRA. Since petitioner was entitled to no deduction in 1975, under section 219, the contributions made by her to the IRA were in excess of the mount deductible for that year and were excess contributions under the decision in Orzechowski v. Commissioner,supra. Therefore, the six percent exercise tax imposed by section 4973 is applicable. * * *
In accordance with the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.