T.C. Memo. 1997-244

UNITED STATES TAX COURT

O.H. TOLLEY, JR. AND BETTY TOLLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11407-95.                      Filed May 29, 1997.

<u>William H. Scheil, Jr.</u>, for petitioners.

<u>Veena Luthra</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined a deficiency in petitioners' Federal income tax for

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

1992 in the amount of $574. After a concession,[2] the issue for decision is whether petitioner Betty Tolley was an active participant in a qualified retirement plan during 1992, thus precluding a deduction of $2,000 for a contribution by O.H. Tolley, Jr., to an individual retirement account (IRA).

The facts have been fully stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Pamplin, Virginia, at the time their petition was filed. References to petitioner are to Betty Tolley.

Petitioner was employed by S.H. Heironimus Co., Inc. (Heironimus). Heironimus provided retirement benefits for its employees in the form of a profit-sharing and savings plan (the plan). During 1992, petitioner made no contributions to the plan. During that same year, plan forfeitures in the amount of $16.12 were allocated to petitioner's plan account.

On their Federal income tax return filed for the tax year 1992, petitioners claimed a contribution deduction in the amount of $2,000. Petitioners reported adjusted gross income before the IRA contribution deduction in the amount of $54,940.24.

In the notice of deficiency, respondent disallowed petitioners' IRA contribution deduction because petitioner was covered by a retirement plan at work. Therefore, applying

_____

[2] Petitioners concede that they failed to report $22 of taxable interest income received in 1992.

section 219(g), petitioners' IRA contribution deduction was limited to zero for 1992. Petitioners contend that petitioner elected not to contribute to the plan, and, thus, was not an active participant. Petitioners also contend that respondent allowed IRA deductions claimed by petitioners in taxable years 1990 and 1991, and argue that respondent is bound by "tacit approval" of petitioners' position.

Respondent's determinations are presumed correct, and petitioners have the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Deductions are a matter of legislative grace, and petitioners bear the burden of proving their entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Generally, a taxpayer is allowed a deduction for qualified retirement contributions in an amount not in excess of the lesser of $2,000 or an amount equal to the compensation includable in the taxpayer's gross income. Sec. 219(a) and (b)(1). Section 219(g) limits the allowable deduction where the individual or the individual's spouse is an "active participant". An "active participant" is defined to include, inter alia, an individual who is an active participant in a qualified employer provided profit-sharing plan. Sec. 219(g)(5). The application of section 219(g) results in total disallowance of an IRA deduction in the case of taxpayers filing a joint return with adjusted gross income in excess of $50,000 if one of the taxpayers is an active

participant. For this purpose and as relevant here, adjusted gross income is calculated without regard to the deduction for IRA contributions. Sec. 219(g)(3).

In general, an individual is an active participant in a profit-sharing plan during a taxable year if a forfeiture is allocated to such individual's plan account as of a date in such taxable year. Sec. 1.219-2(d), Income Tax Regs; see also Barret v. Commissioner, T.C. Memo. 1980-5. An individual is not an active participant in a plan if such individual elects, pursuant to the plan, not to participate in the plan. Sec. 1.219-2(f), Income Tax Regs.

Petitioners' primary argument is that an election not to contribute to the plan is tantamount to an election not to participate. However, the only evidence in the record indicates that although petitioner did not contribute to the plan, forfeitures were allocated to her account. Petitioners have failed to establish that participation in the plan was voluntary, or, in the alternative, that petitioner properly elected not to participate. Petitioners have failed to establish that petitioner was not an active participant in the plan.

Petitioners also argue that respondent should be bound by prior allowance of IRA deductions for tax years 1990 and 1991 under identical circumstances. Petitioners urge us to adopt a "rule of decisions", applicable in cases that are eligible for small tax procedure, precluding the Commissioner from challenging

a taxpayer's treatment of an item if the Commissioner "acquiesced" with respect to such treatment in prior years.  See sec. 7463.  Respondent counters that the IRA deduction issue presented in 1990 and 1991 was not litigated and that respondent's concessions, if any, concerning those years are not relevant here.  We agree with respondent and reject petitioners' arguments.

Each tax year is to be considered separately.  <u>United States v. Skelly Oil Co.</u>, 394 U.S. 678, 684 (1969).  It is well established that the Commissioner is not bound to allow a deduction in a tax year although a deduction was permitted in prior years.  <u>Easter v. Commissioner</u>, 338 F.2d 968, 969-970 (4th Cir. 1964), affg. per curiam T.C. Memo. 1964-58; <u>Rose v. Commissioner</u>, 55 T.C. 28, 32 (1970).  We reject petitioners' argument that an exception to this rule applies to disputes involving $10,000 or less.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.